STATE ex rel. Gerry TAYLOR,
Relator,

v.

The Honorable Barbara W. WALLACE,
Judge, Circuit Court of St. Louis
County, Missouri, Respondent.

No. SC 84011.

Supreme Court of Missouri,
En Banc.

April 9, 2002.

Rehearing Denied May 28, 2002.

Donald L. O'Keefe, Daniel T. Rabbitt, St. Louis, for Relator.

William K. Meehan, Clayton, for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Virginia H. Murray, Asst. Atty. Gen., Jefferson City, for Amicus Curiae.

RONNIE L. WHITE, Judge.

Relator Gerry Taylor is the defendant in a negligence action pending before respondent in the Circuit Court of St. Louis County. Both Mr. Taylor and the plaintiff, William Smith, are employed by Browning Ferris Industries ("BFI"), and the injuries that are the subject of this action took place during the course of their employment. Relator argues that respondent lacks subject matter jurisdiction over the suit and that exclusive jurisdiction over the matter lies in the Labor and Industrial Relations Commission pursuant to the Workers' Compensation Law.[1] This Court granted a preliminary writ in prohibition, and the writ is now made absolute. Actions for simple negligence against fellow employees, such as the underlying suit, are preempted by the Workers' Compensation Law, and the trial court is without jurisdiction over the matter.

Plaintiff's petition alleges that he was employed as a "trash helper" by BFI on December 31, 1996, and as part of that employment was a passenger[2] on a trash truck driven by defendant Taylor, a fellow BFI employee. During their rounds, plaintiff alleges, the truck struck a mailbox causing him to fall from the truck and suffer permanent and painful injuries to his head, neck and lower back. The petition alleges that the injuries were a result of Taylor's negligent and careless driving and seeks damages for medical costs in excess of $30,000 and for lost wages in excess of $15,000.[3]

Plaintiff filed for and received compensation pursuant to the Workers' Compensation Law as a result of the injuries suffered in the accident. Defendant Taylor, arguing that workers' compensation was plaintiff's exclusive remedy, moved to dismiss the action for lack of subject matter jurisdiction, and the trial court overruled the motion. Mr. Taylor now seeks a writ prohibiting the trial court from proceeding further in this matter.

■ Prohibition lies to prevent circuit courts from exercising jurisdiction over actions where workers' compensation provides the exclusive remedy; subject matter jurisdiction over such matters properly lies in the Labor and Industrial Relations Commission.[4] The Workers' Compensation Law provides the exclusive remedy against employers for injuries covered by its provisions.[5] This immunity from suit extends to employees of the exempt employer, albeit in a more limited fashion. Suits against employees personally for breach of the duty to maintain a safe working environment are preempted by the workers' compensation remedy: "However, an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's respon-

---

1. Ch. 287, RSMo 2000.

2. It was suggested at oral argument that plaintiff was standing, holding on to the back of the truck at the time of the accident.

3. BFI was originally named as a co-defendant, but was voluntarily dismissed by plaintiff.

4. *See State ex rel. MSX International v. Dolan,* 38 S.W.3d 427, 430 (Mo. banc 2001); *Killian v. J & J Installers,* 802 S.W.2d 158, 161 (Mo. banc 1991); *State ex rel. McDonnell Douglas Corp. v. Ryan,* 745 S.W.2d 152, 153 (Mo. banc 1988).

5. Section 287.120.2, RSMo 2000.

sibility to provide a safe workplace." [6]

■ The question of what constitutes an "affirmative negligent act" has not proven susceptible of reliable definition, and Missouri courts have essentially applied the rule on a case-by-case basis with close reference to the facts in each individual case.[7] Here, it has been alleged that defendant Taylor: 1) failed to keep a careful lookout; 2) carelessly and negligently struck a mailbox while driving; and 3) carelessly and negligently drove too close to a fixed object. Taken together, these claims amount to no more than the allegation that defendant negligently failed to discharge his duty to drive safely. This is not the kind of purposeful, affirmatively dangerous conduct that Missouri courts have recognized as moving a fellow employee outside the protection of the Workers' Compensation Law's exclusive remedy provisions. In other words, an allegation that an employee failed to drive safely in the course of his work and injured a fellow worker is not an allegation of "something more" than a failure to provide a safe working environment.[8]

Respondent argues that careless driving is different from other types of simple negligence that might create a dangerous workplace because drivers are required by statute to "exercise the highest degree of care" when driving on public roads.[9] Respondent argues that this creates a personal duty on defendant's part to drive carefully, which runs to all persons who might be injured by this careless driving, and is separate and apart from defendant's duty to provide a safe working environment to his fellow-employee passengers by driving carefully. Respondent misconstrues this provision. It does not create a separate duty of driving with the highest degree of care on public roads. At most, it provides that the standard of conduct for discharging the general duty to behave carefully so as not to injure others is higher when a person is operating a motor vehicle on a public road. The violation of the general duty to drive carefully as a part of one's work in order not to injure one's co-workers is not converted into "something more" merely because fulfilling that duty may require more careful conduct than carrying out some other aspect of one's duty to maintain a safe working environment.

■ A simple allegation of negligent driving by a co-employee, which is all that is alleged here, is not "something more" than an allegation of a breach of the duty

---

**6.** *Kelley v. DeKalb Energy Co.,* 865 S.W.2d 670, 672 (Mo. banc 1993); *see also Tauchert v. Boatmen's Nat. Bank,* 849 S.W.2d 573, 574 (Mo. banc 1993) (per curiam); *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175 (Mo.App. 1982).

**7.** *Compare Sexton v. Jenkins & Assoc.,* 41 S.W.3d 1 (Mo.App.2000) (no liability for employees who designed and built elevator shaft railing); *Felling v. Ritter,* 876 S.W.2d 2 (Mo. App.1994) (no liability for managers who failed to install "deadman's switch" on wire rewinding machine that would allegedly have prevented death of plaintiff); *Kelley,* 865 S.W.2d at 672 (no liability for various employees who allegedly misdesigned and misinstalled a dangerous "corn flamer") *with Hedg-*

*lin v. Stahl Specialty Co.,* 903 S.W.2d 922 (Mo.App.1995) (liability for supervisor who directed employee to venture onto a makeshift crane above a vat of scalding water); *Tauchert,* 849 S.W.2d at 573 (liability for supervisor who allegedly designed and built a makeshift hoist, which caused an elevator to crash with an employee inside).

**8.** *See Badami,* 630 S.W.2d at 180 ("Charging the employee chosen to implement the employer's duty to provide a reasonably safe place to work merely with the general failure to fulfill that duty charges no actionable negligence. *Something more* must be charged.") (emphasis supplied).

**9.** Section 304.012, RSMo 2000.

to maintain a safe working environment. Accordingly, plaintiff's exclusive remedy is under the Workers' Compensation Law, and the trial court lacks subject matter jurisdiction to proceed further in this action, other than to dismiss it.

The preliminary writ of prohibition is made absolute.

LIMBAUGH, C.J., WOLFF, BENTON, LAURA DENVIR STITH, and PRICE, JJ., and BRECKENRIDGE, Sp.J., concur.

RICHARD B. TEITELMAN, J., not participating.