Rhonda JAMES, et al., Appellants,

v.

Dr. Michael POPPA, et
al., Respondents.

No. SC 84485.

Supreme Court of Missouri,
En Banc.

Sept. 24, 2002.

David W. Whipple, Kansas City, for Appellants.

Norman I. Reichel, Merry M. Campbell-Tucker, Kansas City, for Respondents.

PER CURIAM.[1]

Rhonda James sued Michael Poppa for medical malpractice alleging that his negligent diagnosis and treatment of injuries she suffered in the course and scope of her

---

1. This case was transferred by this Court after a decision of the Court of Appeals, Western District, authored by the Honorable Harold L. Lowenstein. *Mo. Const. article V, section 10.* Portions of Judge Lowenstein's opinion are incorporated without further attribution.

employment for Heartland Hospital caused her additional injury. The sole question on appeal is whether the trial court correctly ruled that it had no jurisdiction over James' malpractice claim against Dr. Poppa because her claim is governed exclusively by the workers' compensation laws, set out in chapter 287, RSMo 2000.

The trial court's ruling was erroneous. Chapter 287 is inapplicable where, as here, the defendant doctor does not allege that he is an employee or agent of the employer, and the pleadings now on file show him to be an independent doctor who treated Ms. James' injuries only because a doctor selected by Heartland referred Ms. James to him so that she could obtain a "second opinion." Accordingly, the trial court's judgment is reversed, and the case is remanded.

James was employed as a nurse's assistant by Heartland Hospital. On April 9, 1998, she was kicked by a patient in her left neck and shoulder area. Due to her injuries, she was examined at the Heartland Hospital's emergency room. James was then sent by her employer to a doctor for treatment of her injuries. He referred her to a consulting neurologist, who suggested that an MRI of the brain without contrast and an ANA profile might need to be performed. Her doctor recommended that before undergoing these procedures James see Dr. Poppa for a second opinion.

Dr. Poppa examined James in July 1998. Based on the examination, he concluded that James had reached maximum medical improvement. He released her to return to work with no restrictions and determined that she had a four percent permanent partial disability of the body as a whole. Dr. Poppa also indicated that James required no further medical treatment and instructed her to stop taking the prescription drug Elavil.

Relying on Dr. Poppa's findings, Heartland Hospital ceased its authorization for further medical treatment and required James to return to work full-time without restrictions. After James had been back to work for three days, she suffered a relapse of her condition. She has since undergone extensive medical and psychological treatment with numerous doctors. She has also been hospitalized due to the effects of her condition, Reflex Sympathetic Dystrophy, which is a permanent condition. She then filed this suit for medical malpractice against Dr. Poppa and Occupational Health Services, Inc., alleging that the relapse is due to Dr. Poppa's improper and inappropriate medical opinions and that his negligence is the cause of her additional injuries. Poppa moved to dismiss for lack of subject matter jurisdiction.

A motion to dismiss for lack of subject matter jurisdiction is an appropriate means of raising the workers' compensation law as a defense to a common law tort action. *State ex rel. McDonnell Douglas Corp. v. Ryan*, 745 S.W.2d 152, 153 (Mo. banc 1988). A court shall dismiss the action whenever it "appears" by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction. Rule 55.27(g)(3). As the term "appears" suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction. *Parmer v. Bean*, 636 S.W.2d 691, 694 (Mo.App.1982). Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of the trial judge. *McDonnell Douglas*, 745 S.W.2d at 154.

Section 287.120 governs the determination of when an injury falls under the workers' compensation law. That section states, in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefore whatsoever, whether to the employee or any other person....

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided by this chapter.

Sec. 287.120.1, .2. Section 287.150, however, allows common law actions against third party tort-feasors. "Where a third person is liable to the employee ... for the injury ..., the employer shall be subrogated to the right of the employee ... against such third person." Sec. 287.150.1. A "third person" is one with whom there is no master and servant relationship under the workers' compensation law. *Schumacher v. Leslie*, 360 Mo. 1238, 232 S.W.2d 913, 918 (1950).

In this case, the petition does not allege that Dr. Poppa was an agent of Heartland Hospital, and no evidence in the record suggests that he is its agent or employee. The petition here alleged only that Dr. Poppa's opinion was requested as a second opinion and that his opinion was followed. Based upon these allegations, Dr. Poppa is a "third person" under section 287.150 and, thus, not immune from a civil suit.[2]

For these reasons, the trial court's judgment is reversed, and the case is remanded.

All concur.

---

2. Dr. Poppa contends that *Burns v. Employer Health Services, Inc.*, 976 S.W.2d 639 (Mo. App.1998), is on point. In *Burns*, however, the petition alleged that the employer and its agents and employees were negligent. The analysis in *Burns* focused on agency and the carrying out of the employer's duty to provide reasonable and proper medical treatment for the employee's work-related injury. It is not on point here.