**Dennis BROWN, Plaintiff/Appellant,**

v.

**Kenneth L. ROBERSON,
Defendant/Respondent.**

**No. ED 81952.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 15, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 2003.

Application for Transfer Denied
Aug. 26, 2003.

action for lack of subject matter jurisdiction. The trial court found that there was insufficient pleading or proof to remove plaintiff's claim from Missouri's workers' compensation law. We affirm.

At the time of the accident giving rise to this action, plaintiff and defendant, Kenneth L. Roberson, were employed by Emerson Electric Co. Plaintiff brought an action against defendant and alleged the following. On May 8, 2000, defendant was operating a tractor-trailer in Iowa and plaintiff was a passenger in the vehicle. Due to the carelessness and negligence of defendant, the vehicle overturned causing plaintiff serious and permanent injury. Defendant was careless and negligent by: (1) operating his vehicle at a speed that was excessive under the existing circumstances; (2) taking a route that was inappropriate for the tractor-trailer; (3) failing to ensure the load was secure and would not shift; and (4) operating his vehicle when he knew the load had shifted thereby creating a substantial risk of overturning.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction. The trial court entered judgment granting defendant's motion. The court found there was insufficient pleading or proof to remove plaintiff's claim from Missouri's workers' compensation law. Plaintiff appeals, raising one point.

■ A motion to dismiss for lack of subject matter jurisdiction is an appropriate method to raise the workers' compensation law as a defense to a common law tort action. *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. banc 2002). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 55.27(g)(3). "As the term 'appears' suggests, the quantum of proof is

Matthew J. Padberg, St. Louis, MO, for appellant.

Catherine M. Hensler–Dickenson, Joseph C. Orlet, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Plaintiff, Dennis Brown, appeals from the trial court's judgment dismissing his

not high; it must appear by the preponderance of the evidence that the court is without jurisdiction." *James*, 85 S.W.3d at 9. In determining whether it has jurisdiction, a trial court may consider affidavits, exhibits and evidence pursuant to Rules 55.27 and 55.28. *Howell v. Lone Star Industries, Inc.*, 44 S.W.3d 874, 877 (Mo.App. E.D.2001). Whether there is subject matter jurisdiction is a question of fact that is left to the sound discretion of the trial court. *James*, 85 S.W.3d at 9; *id.* Accordingly, this court reviews for abuse of discretion. *Howell*, 44 S.W.3d at 877.

■ Plaintiff argues that his co-employee, defendant, "was liable for plaintiff's injuries and not cloaked with immunity because his actions causing plaintiff's injuries were an act of misfeasance and a breach of an independent duty to plaintiff, and therefore actionable as something more than a breach of the duty to maintain a safe workplace." (capitalization omitted).

The Missouri Supreme Court considered a case involving an allegation by the plaintiff that he was a passenger on a trash truck driven by a fellow employee, and was injured when the truck struck a mailbox. *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621 (Mo. banc 2002). The court stated that the workers' compensation law provides the exclusive remedy against employers covered by its provisions and this immunity from suit extends to employees of the exempt employer, albeit in a more limited fashion. *Id.* The court further stated that "[s]uits against employees personally for breach of the duty to maintain a safe working environment are preempted by the workers' compensation remedy: 'However, an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's respon-

sibility to provide a safe workplace.'" *Id.* at 621–22. The court noted that the question of what constitutes an affirmative negligent act has not proven susceptible to reliable definition, and that Missouri courts have essentially applied the rule on a case-by-case basis with close reference to the facts in each individual case. *Id.* at 622.

The court reviewed the plaintiff's allegations that the defendant driver failed to keep a careful lookout, and carelessly and negligently struck a mailbox while driving and drove too close to a fixed object. *Id.* The court held that these claims constituted nothing more than the allegation that the defendant driver failed to discharge his duty to drive safely. *Id.* The court further held that this was not the kind of purposeful, affirmatively dangerous conduct that Missouri court's have recognized as moving a fellow employee outside the protection of the workers' compensation laws exclusive remedy provisions. *Id.* "In other words, an allegation that an employee failed to drive safely in the course of his work and injured a fellow worker is not an allegation of 'something more' than a failure to provide a safe working environment." *Id.* The court concluded that the plaintiff's exclusive remedy was under the workers' compensation law and the trial court lacked jurisdiction, other than to dismiss the action. *Id.* at 623.

In his brief, plaintiff states that his "allegations are that [d]efendant operated a tractor-trailer in a manner that was careless." Plaintiff alleged that defendant drove at an excessive speed, took an inappropriate route for the tractor-trailer, and continued driving after the load had shifted.[1] These claims constitute an allegation that defendant failed to discharge his duty

---

1. On September 30, 2002, the trial court granted plaintiff's motion to file an amended petition to the extent it added no new parties.

On that day, plaintiff filed the amended petition and the court entered judgment. In the amended petition, plaintiff's allegations of

to operate the vehicle safely. Plaintiff also alleged that defendant failed to ensure the load was secure and would not shift. This is an allegation that defendant failed to discharge his duty to properly prepare his vehicle to drive safely. Our Supreme Court's holding in *State ex rel. Taylor*, is controlling. The trial court did not abuse its discretion in granting defendant's motion to dismiss. Plaintiff's point is denied.

The judgment is affirmed.[2]

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., Concur.

negligence included the ones discussed above and allegations that defendant operated the vehicle at a speed that he knew to be excessive for the road conditions at the time and defendant indicated a knowledge and conscious disregard of the peril. The parties disagree as to whether it was proper for the trial court to permit plaintiff to amend his petition. Regardless, plaintiff's additional allegations in the amended petition would not alter the result.

2. Defendant's motion for damages for frivolous appeal is denied.