**James QUINN and Diana Quinn, Plaintiffs/Appellants,**

v.

**CLAYTON CONSTRUCTION CO., INC., Eric Hill, and Richard Gregory, Defendants/Respondents.**

**No. ED 81318.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 22, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 2003.

Application for Transfer Denied Aug. 26, 2003.

Michael A. Gross, St. Louis, MO, for appellants.

Stephen C. Christiansen, St. Louis, MO, for respondents.

WILLIAM H. CRANDALL, JR., Presiding Judge

Plaintiffs, James Quinn and Diana Quinn, appeal from the trial court's judgment dismissing their action for lack of subject matter jurisdiction. The trial court found that the workers' compensation law constituted plaintiffs' exclusive remedy. We affirm.

In January 1999, defendant, Clayco Construction Co., Inc. (Clayco), was the general contractor for a building project in O'Fallon Missouri. Defendants, Eric Hill and Richard Gregory, were employed by Clayco.[1] Plaintiff, James Quinn, was employed by C & R Mechanical, one of Clayco's subcontractors performing work at the project. On January 20, 1999, Hill and Gregory were performing "general cleanup" at the project. Hill was on the roof of a three-story building and Gregory was on the ground. Hill told Gregory he wanted to get rid of a piece of steel on the roof.[2] Gregory said "just throw it down" and he would "stand guard." Gregory saw a person walking out an access door and he told Hill to "hold up." According to Gregory, "I was walking him [referring to the person who came out the access door] over here out of the way, you know, you know, so we can get this steel down, and by the time I walked him over there, I turned back around to walk back to watch the door again, about that time I[saw] Mr. Quinn was already out the door, and [Hill] was already in the midst of throwing the steel." Gregory described the steel that struck James Quinn as a piece of angle iron. Gregory stated that there is a "basic standard rule" that when you throw things from a roof to the ground that you either "flag off the area or ... get to a safe zone,

---

1. Portions of the facts recited are derived from the depositions of Richard Gregory and Ed Shields, a field operation manager for Clayco.

2. Gregory could not remember if Hill called him on the radio or if Hill had Ken Bolin, a site superintendent, call him on the radio.

something like that." Shields stated in his deposition that Clayco's superintendent for the project told Hill and Gregory that a crane was to be used to remove the debris from the roof. Shields also stated that Clayco's safety manual provided that if something had to be thrown from a "height" that the area below had to be flagged off. Shields stated further that "[w]e would have to have a guy down below coordinating, watching, making sure nobody walked into the area, and he would have to be in communication with the guy who is throwing it off." Shields also acknowledged that under Clayco's safety policy that, if possible, material should not be thrown from a roof down to an area where a person might inadvertently enter.

In their petition, plaintiffs alleged in their first count that defendants threw or caused to be thrown a large metal angle iron from the roof of the building and that the iron struck James Quinn. Plaintiffs alleged defendants were negligent in that: (1) defendants threw or caused to be thrown an angle iron from the roof of the building without taking steps to be sure that there were not individuals located below; (2) defendants failed to properly and timely warn persons on the ground of the "throwing activity" from the roof or to warn individuals to stay away from the area while the "throwing activity" occurred; (3) defendants failed to rope off, barricade, mark off or otherwise "segregate" the area below the roof where the "throwing activities" occurred; (4) Clayco failed to have proper rules or regulations for its agents, servants or employees throwing items from rooftops for the safety of persons below or failed to enforce existing rules regarding these activities; and (5) Clayco failed to provide proper training and supervision of its agents, servants and employees regarding safe and proper methods for throwing items from rooftops particularly for the safety of per-

sons below. Diana Quinn, James Quinn's spouse, brought a second count for loss of consortium.

Defendants filed a motion to dismiss for lack of subject matter jurisdiction arguing that plaintiffs' exclusive remedy was under Missouri's workers' compensation law. The trial court sustained defendants' motion. The court stated that there was no "conduct by defendants which was outside the scope of their employer's non-delegable duties to provide a safe workplace." The court further found that plaintiffs' claims only established defendants' failure to provide a safe workplace. The court also found that under section 287.040 James Quinn was a statutory employee of Clayco and Clayco was protected from tort actions by the workers' compensation law. The court also noted that James Quinn had received workers' compensation for his injuries. Plaintiffs appeal, raising one point.

■■■ A motion to dismiss for lack of subject matter jurisdiction is an appropriate method to raise the workers' compensation law as a defense to a common law tort action. *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. banc 2002). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 55.27(g)(3). "As the term 'appears' suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction." *James*, 85 S.W.3d at 9. In determining whether it has jurisdiction, a trial court may consider affidavits, exhibits and evidence pursuant to Rules 55.27 and 55.28. *Howell v. Lone Star Industries, Inc.*, 44 S.W.3d 874, 877 (Mo.App. E.D.2001). Whether there is subject matter jurisdiction is a question of fact that is left to the sound discretion of the trial court. *James*, 85 S.W.3d at 9; *id.* Ac-

cordingly, this court reviews for abuse of discretion. *Howell*, 44 S.W.3d at 877.

■ Plaintiffs do not raise an argument regarding the trial court's finding as to Clayco.[3] Therefore, at issue is the trial court's dismissal of plaintiffs' action against Hill and Gregory. Plaintiffs argue that the trial court abused its discretion in granting the motion to dismiss because the petition charged "something more" than the breach of an employer's duty to provide a safe workplace. *See State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180 (Mo.App.1982). Plaintiffs contend that the petition alleged and the evidence established that "the defendants:" (1) disregarded their employer's safety rules and engaged in an independent and affirmative act of negligence that created an unreasonable risk of harm to their fellow worker, James Quinn; (2) were present at the time of James Quinn's injury; and (3) breached a personal duty of care toward James Quinn. Plaintiffs assert that the trial court erred in finding that their claims against Hill and Gregory were barred by the exclusive remedy provision of Missouri's workers' compensation law.

■ An employee who sustains an injury through an accident arising out of and in the course of employment is provided certain compensation without having to prove fault on the employer's part and without being subject to common-law defenses. *Gunnett v. Girardier Building and Realty Co.*, 70 S.W.3d 632, 636 (Mo. App. E.D.2002). In exchange for definite compensation for all work-connected injuries, employees forgo their rights to sue their employers for negligence and to obtain the common-law measure of damages in cases where fault could be shown. *Id.*

Missouri's workers' compensation law does not, however, take away an employee's right to bring a common-law action against negligent third parties. *Id.* In Missouri, a co-employee is considered as a third party under workers' compensation law and is amenable to an action at common law. *Id.* at 637. Although our workers' compensation law permits such actions, "not all actions will lie." *Id.* Co-employees cannot be held personally liable for their negligence in carrying out their employer's non-delegable duties, whether it is the employer's duty to provide its employees with a reasonable safe place to work, or any other non-delegable duty. *Id.* at 641. To maintain an action against a co-employee, the injured worker must demonstrate circumstances showing a personal duty of care owed by the defendant to the injured worker, separate and apart from the employer's non-delegable duties, and that breach of this personal duty proximately caused the worker's injuries. *Id.* In *Gunnett*, this court extensively analyzed co-employee liability and held that "given the cases from this state, as well as those from other jurisdictions, [ ] a personal duty will arise out of circumstances where the co-employee engages in an affirmative act, outside the scope of employer's non-delegable duties, directed at a worker, increasing the risk of injury." *Id.* Whether a co-employee may be held liable depends on the facts and circumstances of each case. *Id.* at 639, 641.

The Missouri Supreme Court considered a co-employee's liability in *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620 (Mo. banc 2002). In that case, the plaintiff alleged that he was a passenger on a trash truck driven by a fellow employee, and was injured when the truck struck a mailbox.

---

**3.** As the general contractor, Clayco was a statutory employer of James Quinn. Section

287.040.3 RSMo. 2000.

*State ex rel. Taylor,* 73 S.W.3d at 621. After the trial court overruled the defendant driver's motion to dismiss for lack of subject matter jurisdiction, the defendant sought a writ of prohibition. *Id.* Our Supreme Court stated that the workers' compensation law provides the exclusive remedy against employers for injuries covered by its provisions and this immunity from suit extends to employees of the exempt employer, albeit in a more limited fashion. *Id.* The court further stated that "[s]uits against employees personally for breach of the duty to maintain a safe working environment are preempted by the workers' compensation remedy: 'However, an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's responsibility to provide a safe workplace.'" *Id.* at 621–22. The court recognized that the question of what constitutes an affirmative negligent act has not proven susceptible to reliable definition, and that Missouri courts have essentially applied the rule on a case-by-case basis with close reference to the facts in each individual case. *Id.* at 622.

The court reviewed the plaintiff's allegations that the defendant driver failed to keep a careful lookout, and carelessly and negligently struck a mailbox while driving and drove too close to a fixed object. *Id.* The court held that these claims constituted nothing more than the allegation that the defendant driver failed to discharge his duty to drive safely. *Id.* The court further held that this was not the kind of purposeful, affirmatively dangerous conduct that Missouri courts have recognized as moving a fellow employee outside the protection of the workers' compensation laws exclusive remedy provisions. *Id.* "In other words, an allegation that an employee failed to drive safely in the course of his work and injured a fellow worker is not an allegation of 'something more' than a failure to provide a safe working environment." *Id.*

The court also rejected the plaintiff's argument that careless driving is different from other types of simple negligence that might create a dangerous workplace because drivers are statutorily required to exercise the highest degree of care when driving on public roads. *Id.* The court held that the violation of a general duty to drive carefully as part of a person's work in order to not injure the person's co-workers is not converted into "something more" merely because fulfilling that duty may require more careful conduct than carrying out some other aspect of a person's duty to maintain a safe working environment. *Id.* The court concluded that the plaintiff's exclusive remedy was under the workers' compensation law and the trial court lacked subject matter jurisdiction to proceed further other than to dismiss the action. *Id.* at 623.

Here, plaintiffs alleged that "defendants" were negligent and careless in throwing a piece of iron from the roof without ensuring that no individuals were located below, failed to warn persons on the ground to stay away from the area, and failed to properly "segregate" the area below the roof. Plaintiffs also note that Hill and Gregory failed to follow safety rules. These claims amount to nothing more than an allegation that Hill and Gregory failed to discharge their duty to safely throw iron from a roof. Plaintiffs' allegation that Hill and Gregory failed to safely throw iron from a roof in the course of their work and injured their co-employee James Quinn is not an allegation of "something more," other than a failure to provide a safe working environment. Furthermore, plaintiffs did not allege and there is no evidence that Hill and Gregory engaged in an affirmative act directed at James Quinn that increased the risk of injury. Plaintiffs' exclusive remedy was under Missouri's workers' compensation

law.[4] The trial court did not abuse its discretion in granting the motion to dismiss. Plaintiffs' point is denied.[5]

The judgment is affirmed.

SHERRI B. SULLIVAN, J. and GLENN A. NORTON, J.: Concur.

---

4. Diana Quinn's loss of consortium claim is also subject to the exclusive remedy provisions of the workers' compensation law. Section 287.120.2 RSMo. 2000; *Felts v. Ford Motor Co.,* 916 S.W.2d 798, 803 (Mo.App. W.D.1995).

5. Defendants state that in addition to cases involving allegations of negligent driving it is "time to review whether any duty should be imposed between co-employees in other cases of alleged negligence." As discussed, the Missouri Supreme Court stated that in certain cases a person may bring an action against a co-employee for negligence. *State ex rel. Taylor,* 73 S.W.3d at 621–22. We are bound by this decision. Moreover, defendants' suggestion that effectively asks this court to abrogate co-employee liability in all negligence cases is more properly a function of the legislature.