BRAZILIA, L.L.C., Appellant,

v.

COLLECTOR OF ST. LOUIS COUNTY, Missouri, Respondent.

No. ED 82419.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 23, 2003.

Michael Steeno, Clayton, MO, for appellant.

Robert Droney, Patricia Redington (co-counsel), St. Louis, MO, for respondent.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Brazilia, L.L.C. appeals the judgment granting the Collector of St. Louis County's motion to dismiss Brazilia's petition to recover taxes it paid under protest and entering judgment in the Collector's favor. We agree that the petition should have been dismissed for lack of subject matter jurisdiction. But, lacking jurisdiction, the trial court should not have entered judgment for the Collector. We dismiss the appeal.

## I. BACKGROUND

In its petition, Brazilia alleged that it had paid taxes under protest on real property in St. Louis County. Attached to the petition was the protest letter Brazilia sent to the Collector under section 139.031 RSMo 2000,[1] in which it alleged that the assessment was incorrect because the property valuation was too high. The Collector moved to dismiss the petition, arguing that the court lacked subject matter jurisdiction because Brazilia had not exhausted its administrative remedies of appealing to the board of equalization and tax commission. The court granted the motion and entered judgment in favor of

---

1. All statutory references are to RSMo 2000.

the Collector and against Brazilia. Brazilia appeals.

## II. DISCUSSION

■■■ Dismissal for lack of subject matter jurisdiction is proper when it "appears by the preponderance of the evidence that a court is without jurisdiction." *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. banc 2002). Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of the trial court. *Id.* The court may review affidavits, exhibits and other evidence to determine jurisdiction. *Gabler v. McColl*, 863 S.W.2d 340, 342 (Mo.App. E.D.1993).

■■■ Exhaustion of administrative remedies is a jurisdictional requirement, and a circuit court does not have jurisdiction to hear a petition or render a judgment when available administrative remedies have not been exhausted. *See generally Toghiyany v. City of Berkeley*, 984 S.W.2d 560, 563 (Mo.App. E.D.1999). Taxpayers, like Brazilia, who wish to challenge the valuation of and tax assessment on their property must appeal to the county board of equalization and state tax commission before suing to either prevent collection or recover taxes paid under protest:

2. "Whenever any assessor shall increase the valuation of any real property he shall forthwith notify the record owner of such increase, either in person, or by mail directed to the last known address; every such increase in assessed valuation made by the assessor shall be subject to review by the county board of equalization whereat the landowner shall be entitled to be heard, and the notice to the landowner shall so state." Section 137.180.

3. Even if Brazilia could prove lack of notice, that does not exempt it from the requirement to exhaust administrative remedies. "Upon payment, the taxpayer is charged with knowledge of the assessed value upon the basis of which the taxes are to be paid." *Buck*, 813

It is clear that if a taxpayer with notice of an increase in assessed value of his property fails to exhaust his administrative remedy to question that increase, he cannot do so in any other proceeding. He cannot do so in an action to enjoin the collection of taxes based on that increase. Nor can he do so by paying his taxes under protest and suing to recover them under [section] 139.031.2. *Buck v. Leggett*, 813 S.W.2d 872, 875 (Mo. banc 1991) (internal citations omitted); *see also* sections 137.275 and 137.385 (authorizing appeals to local boards of equalization) and section 138.430 (authorizing appeals to state tax commission). Brazilia claims in its brief to this Court that it did not receive notice of the assessment, as required by section 139.180.[2] No such allegation, however, appears in its petition, nor does it appear from the abbreviated record on appeal that Brazilia presented the trial court with any evidence to support that claim.[3] It was not an abuse of discretion for the trial court to find that it lacked jurisdiction due to Brazilia's failure to exhaust administrative remedies.

■■■ The proper disposition upon finding that the court lacks subject matter jurisdiction is dismissal of the petition, not entry of a judgment against Brazilia and in favor of the Collector. *See Local Union*

S.W.2d at 877. If the taxpayer, charged with this notice, chooses to pay under protest (as Brazilia did here)—rather than seek to enjoin collection—then he may only sue for a refund *after* challenging valuation and assessment in the appropriate administrative agencies. *Id.* In fact, because circuit courts have no original authority to determine valuation and assessment, "[i]f refund claims were allowed in cases where the taxpayer had not sought or obtained an agency determination [on those matters], the circuit courts would be faced with questions they have no authority to answer." *Missouri American Water Company v. Collector of St. Charles*, 103 S.W.3d 266, 271 (Mo.App. E.D.2003).

No. 124, International Brotherhood of Electrical Workers v. Pendergast, 891 S.W.2d 417, 419 (Mo. banc 1995). This judgment, therefore, is void for lack of jurisdiction, and we acquire appellate jurisdiction only to determine its invalidity and dismiss the appeal. *See generally Bellon Wrecking & Salvage Co. v. David Orf, Inc.*, 983 S.W.2d 541, 549 (Mo.App. E.D. 1998).

## III. CONCLUSION

The Collector's motion to dismiss was correctly granted, but the judgment in favor of Collector and against Brazilia was entered without subject matter jurisdiction. The appeal is dismissed.

KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J., concurring.