**Henry GRAHAM, Plaintiff/Appellant,**

v.

**Martha M. GEISZ, Defendant/Respondent.**

**No. ED 83925.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 21, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 2004.

Application for Transfer Denied Dec. 21, 2004.

Joseph L. Bauer, Jr., James E. Hopkins, Jr., Bauer & Baebler, P.C., Kimyard H. Tucker, St. Louis, MO, for appellant.

Barbara D. Bleisch, Hartstein & Bleisch, P.C., St. Louis, MO, Andrew J. Harakas, Condon & Forsyth LLP, Barry S. Alexander, New York, NY, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff appeals from the trial court's judgment dismissing his negligence claim against a co-employee for lack of subject matter jurisdiction because it was preempted by the Workers' Compensation Law. We affirm.

Plaintiff, Henry Graham, filed a petition against defendant, Martha M. Geisz, to recover damages for personal injuries. In his petition, plaintiff alleged that he and defendant were co-employees at Federal Express, who worked together loading and unloading cargo stored in large containers known as "cans" from airplanes. The cans were moved on rollers onto and off of airplanes in single file. The cans could be locked in place, so that the employees

could move one or two cans and keep the remaining cans in place. Defendant was instructed to keep each can locked until plaintiff instructed her to unlock the can, which he would do when he was ready to accept a new can.

On or about May 4, 2000, plaintiff was working as captain, matching the weights and numbers of cans on an Airbus 310 airplane which were being loaded and unloaded. Defendant unlocked a can, "which was to have been locked in place," and it rolled into the can in front of it, on which plaintiff was working, causing it to collide with plaintiff and injure him.

In Count I, plaintiff additionally alleged that defendant acted negligently when she a) unlocked the can behind plaintiff when she knew or should have known it was unsafe to do so, b) failed to determine it was safe to unlock the can prior to doing so, or c) unlocked the can when she knew or should have known that the can would move and create an increased risk of injury to others working in the area. In Count II, plaintiff alleged that defendant took these actions "willfully, wantonly and with a conscious disregard for the safety of others."

Defendant filed a motion to dismiss for lack of subject matter jurisdiction, to which she attached an excerpt from plaintiff's deposition testimony. In that excerpt, plaintiff testified that defendant had disregarded instructions, which both he and another supervisor had previously given her, not to release the locks "without a clearance" or "until everything is clear." He opined that defendant was trying to quickly unload the aircraft and released the lock in a rushed manner. Plaintiff filed a memorandum in response, relying on the same deposition excerpt. The trial court granted the motion and dismissed plaintiff's petition on the grounds that the facts alleged failed to "constitute an affir-

mative act of negligence for purposes of co-employee liability."

In his sole point on appeal, plaintiff contends that the trial court erred in sustaining defendant's motion to dismiss, because defendant breached an independent duty to plaintiff, and her conduct was actionable as something more than a breach of the duty to maintain a safe workplace. We disagree.

 "A motion to dismiss for lack of subject matter jurisdiction is an appropriate means of raising the workers' compensation law as a defense to a common law tort action." *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. banc 2002). A circuit court shall dismiss the action "whenever it 'appears' by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction." *Id.*, citing Rule 55.27(g)(3). "As the term 'appears' suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction." *James*, 85 S.W.3d at 9. Thus, in the context of a motion to dismiss, whether the circuit court has subject matter jurisdiction is a question of fact left to the sound discretion of the trial court. *Id.*

In addition to the facts alleged in the petition, the court may consider facts adduced by affidavits of the parties, oral testimony, and depositions. Rule 55.28; *Burns v. Employer Health Services, Inc.*, 976 S.W.2d 639, 641 (Mo.App.1998); *Gabler v. McColl*, 863 S.W.2d 340, 342 (Mo. App.1993); *Parmer v. Bean*, 636 S.W.2d 691, 696 (Mo.App.1982).

Section 287.120 of the Missouri Workers' Compensation Law governs the determination of when an injury falls under its exclusive provisions. It provides, in part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish

compensation [...] for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. [...]

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee [...] at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

Section 287.120 RSMo (2000).

■■■ An employee's personal injury claim against a co-worker for breach of the duty to maintain a safe working environment lies within the exclusive subject matter jurisdiction of the Labor and Industrial Relations Commission. *State ex rel. Taylor v. Wallace,* 73 S.W.3d 620, 621 (Mo. banc 2002). "However, an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's responsibility to provide a safe workplace." *Id.* at 621–22, quoting *Kelley v. DeKalb Energy Co.,* 865 S.W.2d 670, 672 (Mo. banc 1993). In this situation, "something more" than the general failure to fulfill the employer's duty must be charged. *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 180 (Mo.App.1982) (en banc). The question of what constitutes an "affirmative negligent act" has been decided on a case-by-case basis. *Taylor,* 73 S.W.3d at 622. The courts have found personal liability for "purposeful, affirmatively dangerous conduct." *Id.*

Plaintiff claims he has alleged affirmative negligent acts. Plaintiff relies on a line of post-*Badami* cases in which the courts found affirmative conduct that gave rise to a negligence claim. However, these cases are distinguishable, because they are cases in which the co-employee personally took part in the 'affirmative act' either by 1) creating a hazardous condition outside the scope of the responsibility to provide a safe workplace that violated a personal duty of care, *Tauchert v. Boatmen's Nat. Bank,* 849 S.W.2d 573 (Mo. banc 1993), or 2) "directing employees to engage in dangerous activity that a reasonable person would recognize as hazardous and beyond the usual requirements of the employment." *Logan v. Sho–Me Power Elec. Co-Op.,* 122 S.W.3d 670, 678 (Mo.App.2003), distinguishing *Tauchert,* 849 S.W.2d at 574; *Wright v. St. Louis Produce Market, Inc.,* 43 S.W.3d 404 (Mo.App.2001); *Pavia v. Childs,* 951 S.W.2d 700 (Mo.App.1997); and *Hedglin v. Stahl Specialty Co.,* 903 S.W.2d 922 (Mo.App.1995). The remaining cases upon which plaintiff relies [1] are similarly distinguishable.

■■■ In contrast, in this case, defendant was a co-employee who was engaged in her routine job task of unlocking cans so they could move on rollers. Her failure to wait for clearance or determine that it was safe to proceed before releasing a lock on one of the cans is not the purposeful, affirmatively dangerous creation of a hazardous condition that our courts have found necessary to remove the conduct from the exclusive jurisdiction of the Workers' Compensation Law.

Taken together, plaintiff's claims amount to no more than an allegation that defendant failed to discharge her duty to perform the task of unlocking cans safely.

---

1. *Logsdon v. Killinger,* 69 S.W.3d 529 (Mo. App.2002); *Murry v. Mercantile Bank, N.A.,* 34 S.W.3d 193 (Mo.App.2000); *Workman v. Vader,* 854 S.W.2d 560 (Mo.App.1993); *Biller v. Big John Tree Transplanter Mfg.,* 795 S.W.2d 630 (Mo.App.1990); *Craft v. Scaman,* 715 S.W.2d 531 (Mo.App.1986).

This case falls squarely within *Taylor*, in which the Missouri Supreme Court held that a circuit court had no subject matter jurisdiction over the claim of a "trash helper" who was a passenger on a trash truck driven by the defendant, his co-employee, against that defendant for injuries received when the defendant negligently and carelessly drove into a mailbox. 73 S.W.3d at 621–23. The court held that the allegations of failure to keep a careful lookout and careless and negligent driving amounted to "no more than the allegation that defendant negligently failed to discharge his duty to drive safely." *Id.* at 622. The court continued, "This is not the kind of purposeful, affirmatively dangerous conduct that Missouri courts have recognized as moving a fellow employee outside the protection of the Workers' Compensation Law's exclusive remedy provisions." *Id.* It held that "an allegation that an employee failed to drive safely in the course of his work and injured a fellow worker is not an allegation of 'something more' than a failure to provide a safe working environment." *Id.* The court concluded:

> The violation of the general duty to drive carefully as a part of one's work in order not to injure one's co-workers is not converted into "something more" merely because fulfilling that duty may require more careful conduct than carrying out some other aspect of one's duty to maintain a safe working environment.

*Id.*

As applied to this case, the allegation that an employee failed to perform her unlocking duties in a safe manner and injured a fellow worker is not an allegation of 'something more' than the failure to provide a safe working environment. *Taylor*, 73 S.W.3d at 622–23. *See also Quinn v. Clayton Const. Co., Inc.*, 111 S.W.3d 428, 433 (Mo.App.2003); *Brown v. Roberson*, 111 S.W.3d 422 (Mo.App.2003).

The trial court did not abuse its discretion in granting defendant's motion to dismiss. The judgment of the trial court is affirmed.

PATRICIA L. COHEN, P.J., and ROBERT G. DOWD, JR., J., concur.