# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2396

_____

Crissy Simpson,     *
    *
      Plaintiff - Appellant,     *
    *   Appeal from the United States
      v.     *   District Court for the
    *   Western District of Missouri.
Tim Thomure,     *
    *
      Defendant - Appellee.     *

_____

Submitted: December 15, 2006
Filed: May 7, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

LOKEN, Chief Judge.

Crissy Simpson's right hand was severely injured in an accident at work while she was operating a power press machine. Simpson filed suit in Missouri state court against the out-of-state power press manufacturer and Tim Thomure, her supervisor, a fellow Missouri resident. The manufacturer defendants removed. The district court[1] denied Simpson's motion to remand to state court and dismissed her claim against Thomure, concluding that he was fraudulently joined and therefore the court had diversity jurisdiction over the action. After resolving her claims against the out-of-

_____

[1]The Honorable FERNANDO J. GAITAN, United States District Judge for the Western District of Missouri

state manufacturer defendants, Simpson appealed the order denying her motion to remand and dismissing her claim against non-diverse defendant Thomure. Reviewing that order *de novo*, we affirm.

## I. The Procedural Setting

Simpson's complaint alleged that the power press machine could be operated in two control modes: with palm buttons that ensure the operator's hands are outside the die spaces when the press is operating, or with a foot pedal that allows the press to operate when the operator's hands are in danger. Simpson alleged that supervisor Thomure "knew that the machine should not have been operated with a foot pedal," that he controlled a key that turned the machine from foot pedal mode to palm button mode, and that he "affirmatively set the machine up so that it could be activated by foot pedals and then had [Simpson] operate the machine in this dangerous condition" without giving her adequate safety instructions. Simpson alleged that Thomure was liable in damages because his affirmative negligence created a hazardous condition and breached a personal duty to Simpson.

There is no federal diversity jurisdiction if the plaintiff and any defendant are citizens of the same State. 28 U.S.C. § 1332(a). However, the right of an out-of-state defendant to remove a diversity suit to federal court "cannot be defeated by a fraudulent joinder of a resident defendant." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Invoking this principle, the out-of-state defendants filed a timely notice of removal under 28 U.S.C. § 1446(b), asserting that defendant Thomure was fraudulently joined because, as Simpson's co-worker, he was immune from suit under the Missouri Workers' Compensation Law. See Mo. Rev. Stat. § 287.120.2. Simpson responded with a timely motion to remand under 28 U.S.C. § 1447, arguing that Thomure was not fraudulently joined because there was a "reasonable basis in fact and law" supporting the claim against him and therefore the district court lacked diversity

jurisdiction. Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006), quoting Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002).

The district court denied the motion to remand and dismissed Simpson's claim against Thomure for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). After dismissing Thomure, the court had diversity jurisdiction to proceed with Simpson's claims against the manufacturer defendants. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996). Four months later, the remaining parties filed stipulations of dismissal, and the court entered final judgment. Simpson then appealed the order denying her remand motion and dismissing her claim against Thomure.

On appeal, Simpson argues that the district court erred in denying her motion to remand because a Missouri court *might* impose co-worker liability on Thomure based on the facts alleged in her complaint. She argues that Missouri law of co-worker liability is fact intensive and ambiguous; therefore, the district court was obligated to "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor" and remand. Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003).[2]

In our view, Simpson attacks the wrong half of the district court's order. Caterpillar v. Lewis teaches that, because Thomure, the non-diverse party, was dismissed from the case, we must decide this appeal based upon the present procedural

_____

[2]We doubt this is a sound principle for deciding fraudulent joinder issues that turn on the non-diverse defendant's alleged immunity from suit. We also note that the Filla opinion discussed the merits of the fraudulent joinder issue before dismissing, for lack of appellate jurisdiction, an appeal from the *grant* of a remand motion. See 28 U.S.C. § 1447(d). This discussion was of no precedential force because we lacked jurisdiction to review the merits of the remand order "whether erroneous or not and whether review [was] sought by appeal or by extraordinary writ." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976).

posture of the case.  Compare Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572-73 (2004).  At this time, final judgment has been entered, so there is nothing to remand to state court *unless* the district court's Rule 12(b)(6) dismissal of Simpson's claim against Thomure is reversed.  *If* that claim is revived, remand will follow automatically because Simpson and Thomure, the only remaining defendant, are citizens of the same State.  Thus, the significant issue on appeal is whether the district court erred in dismissing the claim against Thomure on the merits.  Our review is still *de novo*, but we may not grant Simpson relief simply because Missouri law may be unclear or hard to apply.  Rather, we must review under state law the correctness of the district court's decision to dismiss, just as we would if Simpson and Thomure were citizens of different States and the district court granted Thomure's Rule 12(b)(6) motion to dismiss.

## II.  The Merits

The Supreme Court of Missouri has succinctly stated the principle governing whether supervisor Thomure is immune from employee Simpson's negligence claim:

> The [Missouri] Workers' Compensation Law provides the exclusive remedy against employers for injuries covered by its provisions.  This immunity from suit extends to employees of the exempt employer, albeit in a more limited fashion.  Suits against employees personally for breach of the duty to maintain a safe working environment are preempted by the workers' compensation remedy: "However, an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's responsibility to provide a safe workplace."

State ex rel. Taylor v. Wallace, 73 S.W.3d 620, 621-22 (Mo. banc 2002), quoting Kelley v. DeKalb Energy Co., 865 S.W.2d 670, 672 (Mo. banc 1993).  In Taylor, plaintiff's claim was based on alleged negligent driving by a co-worker.  The Court

concluded that the co-worker was entitled to immunity from suit because the claim simply alleged breach of the employer's duty to maintain a safe work environment.

The Missouri courts treat this issue as one of subject matter jurisdiction. Taylor, 73 S.W.3d at 623. Therefore, a motion to dismiss is the proper way to raise the issue, and the trial court then has the option of deciding the motion on the pleadings or receiving evidence addressing disputed jurisdictional facts. See Risher v. Golden, 182 S.W.3d 583, 586-87 (Mo. App. 2005). In this case, although defendants submitted an affidavit by Thomure in opposition to Simpson's motion to remand, the district court relied solely on Simpson's complaint in dismissing her claim against Thomure for failure to state a claim.

The question whether a co-worker committed the kind of "affirmative negligent act" that creates an exception to workers' compensation immunity is decided "on a case-by-case basis with close reference to the facts in each individual case." Taylor, 73 S.W.3d at 622. The Supreme Court of Missouri has addressed the issue in three cases. In 1993, the Court reversed the grant of summary judgment in favor of a supervisor, holding that evidence he personally arranged a "make-shift" hoist system that failed, causing an employee's injuries, "may constitute an affirmative negligent act outside the scope of his responsibility to provide a safe workplace . . . . Such acts constitute a breach of personal duty of care owed to plaintiff." Tauchert v. Boatmen's Nat'l Bank, 849 S.W.2d 573, 574 (Mo. banc 1993). However, eight months later, the Court affirmed the grant of summary judgment in favor of five co-workers who designed and constructed a "corn flamer" that exploded, severely burning a fellow employee. The Court concluded that "the condition of the corn flamer was part of the employer's nondelegable duty to provide a safe workplace," distinguishing Tauchert because there was no evidence the corn flamer was "make-shift" or "jerry-rigged." Kelley, 865 S.W.2d at 672.

In subsequent decisions applying Tauchert and Kelley, the Missouri Court of Appeals noted two considerations important in determining whether a co-worker is not entitled to workers' compensation immunity because his alleged conduct constituted the kind of affirmative negligent act that breached a personal duty of care. First, immunity is likely to attach if the co-employee's negligence occurred while he was regularly carrying out ordinary duties for the employer. See Collier v. Moore, 21 S.W.3d 858, 862 (Mo. App. 2000); Felling v. Ritter, 876 S.W.2d 2, 5 (Mo. App. 1994). On the other hand, a supervisor is not entitled to his employer's immunity if he directed the plaintiff employee "to engage in dangerous conditions that a reasonable person would recognize as hazardous beyond the usual requirements of employment." Sexton v. Jenkins & Assocs., Inc., 41 S.W.3d 1, 5 (Mo. App. 2000); see Logsdon v. Killinger, 69 S.W.3d 529, 533 (Mo. App. 2002); Hedglin v. Stahl Specialty Co., 903 S.W.2d 922, 927 (Mo. App. 1995).

The Missouri Supreme Court returned to the co-employee immunity issue in Taylor, holding that a co-worker was entitled to immunity from a suit alleging that his negligent driving of the employer's truck in the course of his regular duties injured his passenger, a fellow employee. "This is not the kind of purposeful, affirmatively dangerous conduct that Missouri courts have recognized as moving a fellow employee outside the protection of the Workers' Compensation Law's exclusive remedy provisions." 73 S.W.3d at 622.

A large majority of the Missouri Court of Appeals decisions since the decision in Taylor have held co-worker defendants immune from suit. In several cases, the defendant supervisors had instructed the plaintiffs to engage in conduct which put them at risk, but the conduct was within the usual requirements of their jobs. See Risher, 182 S.W.3d at 587-89; Nowlin ex rel. Carter v. Nichols, 163 S.W.3d 575, 578-79 (Mo. App. 2005); State ex rel. Larkin v. Oxenhandler, 159 S.W.3d 417, 423 (Mo. App. 2005); Graham v. Geisz, 149 S.W.3d 459, 462 (Mo. App. 2004). In the one case where dismissal of a co-worker was reversed on the merits, plaintiff complained that

her machine was malfunctioning dangerously. Her supervisor replied, "quit whining," and instructed plaintiff to keep using the machine without correcting the malfunction or even inspecting the machine's condition, which "effectively created the dangerous condition resulting in the injuries sustained." Groh v. Kohler, 148 S.W.3d 11, 16 (Mo. App. 2004).

In this case, Simpson alleges that she was injured while performing her normal duty of operating the power press machine. The machine was not "make shift" or "jerry-rigged," nor did her injury result from a malfunction of which Thomure was aware and ignored. Rather, Thomure was allegedly negligent for setting the machine to operate in the more dangerous of its two control modes and for allowing Simpson to operate the machine in that control mode without adequate safety instruction. Like the corn flamer in Kelley, the condition of the power press machine "was part of the employer's nondelegable duty to provide a safe workplace." 865 S.W.2d at 672. Failing to install a recommended safety device relates to the employer's general duty to provide a safe work environment. Felling, 876 S.W.2d at 3, 5. And allegations of inadequate training or inadequate safety warnings also relate to the employer's general duty. See Crow v. Kansas City Power & Light Co., 174 S.W.3d 523, 529-30 (Mo. App. 2005).

There is no allegation in Simpson's complaint of the kind of "purposeful, affirmatively dangerous conduct" that the Supreme Court of Missouri required in Taylor, nor was Thomure alleged to have directed Simpson to engage in conditions that a reasonable person would recognize as hazardous beyond the usual requirements of her job. In these circumstances, the district court correctly concluded that Thomure was entitled to workers' compensation immunity and dismissed Simpson's negligence claim.

The judgment of the district court is affirmed.

_____