STATE of Missouri ex rel. TITLE LOAN COMPANY, Relator,

v.

The Honorable David Lee VINCENT, III, Circuit Judge, Division 9, Missouri Circuit Court, Twenty–First Judicial Circuit, County of St. Louis, Respondent.

No. ED 90343.

Missouri Court of Appeals, Eastern District, Writ Division Seven.

Nov. 20, 2007.

William T. Kacerovskis, Offices of Robert J. Hayes, St. Louis, MO, for relator.

Eli Hadowsky, Brown & Brown, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Relator, Title Loan Company, filed a petition for a writ of prohibition to order respondent, the Honorable David Lee Vincent, III, Circuit Judge of the Twenty–First Judicial Circuit, to refrain from taking any action in the case No. 07CC–001954 except to vacate the judgment dated September 24, 2007 and grant relator's motion to dismiss plaintiff's petition for lack of subject matter jurisdiction. We entered a preliminary order, which we now make absolute.

## STATEMENT OF FACTS

In the action pending in the circuit court, plaintiff, Joel Mehlberg, as Representative of Mary Mehlberg, filed a petition to recover damages from Title Loan Company (relator) for negligence in the death of its employee, Mary Mehlberg (decedent). Plaintiff alleged that on June 13, 2005, while decedent was working in the course and scope of her employment at relator's office, she was shot and killed by a robber. He further alleged that relator was negligent in failing to provide adequate security and in failing to warn her that systems in place were "dummy" systems, and also alleged that relator's negligence was a direct and proximate cause of the decedent's death.

Relator thereafter filed a motion to dismiss for lack of subject matter jurisdiction on the grounds that the Workers' Compensation Law, section 287.120 RSMo (2000) [1], provided the exclusive remedy for decedent's death in the course and scope of her employment with relator. Plaintiff responded that he had pleaded an affirmatively negligent act, or "something more," to take the case out of the exclusive jurisdiction of the Workers' Compensation Act.

After a hearing, respondent entered a Judgment and Order denying the motion to dismiss. He concluded that plaintiff had made sufficient allegations under *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175 (Mo.App.1982) to demonstrate "something more" for respondent to have jurisdiction over the case.

Relator subsequently filed a petition for writ of prohibition with this court. We first entered an order directing respondent to file his suggestions in opposition no later than October 15, 2007. We then issued a preliminary order of prohibition, ordering respondent to file his answer to the petition for a writ of prohibition by October 31, 2007. Respondent has failed to file either suggestions in opposition or an answer.

## DISCUSSION

■ "Prohibition lies to prevent circuit courts from exercising jurisdiction

---

1. All further references to this statute are to the 2000 edition, which controls this case.

over actions where workers' compensation provides the exclusive remedy; subject matter jurisdiction over such matters properly lies in the Labor and Industrial Relations Commission." *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621 (Mo. banc 2002). An appropriate means of raising the Workers' Compensation Law as a defense to a common law tort action is by a motion to dismiss for lack of subject matter jurisdiction. *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. banc 2002). The circuit court must dismiss the action "whenever it 'appears' by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction." *Id.* (citing Rule 55.27(g)(3)). "As the term 'appears' suggests, the quantum of proof is not high; it must appear by a preponderance of the evidence that the court is without jurisdiction." *James*, 85 S.W.3d at 9.

■ "The Workers' Compensation Law provides the exclusive remedy against *employers* for injuries covered by its provisions." *Taylor*, 73 S.W.3d at 621 (emphasis added). It provides, in part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

Section 287.120.

The trial court concluded that it had jurisdiction in the pending lawsuit against employer because plaintiff had pleaded "something more." This conclusion is erroneous because the "something more" test is not a limitation on an employer's statutory immunity from suit; rather it is a limitation on a co-employee's immunity.

■■ Because an employer may delegate its duty to provide a safe workplace to its employees, courts have extended the employer's statutory immunity from suit to employees of the exempt employer, "albeit in a more limited fashion." Taylor, 73 S.W.3d at 621. Thus, fellow employees are also immune from liability, "except in certain limited situations." *Burns v. Smith*, 214 S.W.3d 335, 337 (Mo. banc 2007). The limitation is that this immunity does not extend to an injured employee's co-workers or supervisors when they have committed affirmative negligent acts that cause or increase the risk of injury. *Id.* at 337, 338; *Taylor*, 73 S.W.3d at 621–22; *Badami*, 630 S.W.2d at 179. In that situation, an injured employee must allege "something more" than a breach of a duty of general supervision and safety in order to state a claim against a supervisor or co-employee that does not fall within the exclusive province of the Worker's Compensation Law. *Burns*, 214 S.W.3d at 338; *Taylor*, 73 S.W.3d at 622; *Badami*, 630 S.W.2d at 179, 180.

The "something more" test is a limitation on the extent of a co-employee's court-created immunity. It is not a limitation on the employer's complete statutory immunity. Section 287.120 confers on an employer immunity from a lawsuit filed by or on behalf of an employee to recover damages for injury or death whether or not a plaintiff alleges "something more" against an employer. The circuit court exceeded its jurisdiction in denying the motion to dismiss for lack of subject matter jurisdiction.

Respondent's failure to file an answer to our preliminary writ of prohibition has placed him in default. *See Hill v. Kendrick*, 192 S.W.3d 719, 720 (Mo.App.2006). We direct respondent to take no further action in Case No. 07CC–001954 except to vacate its judgment dated September 24, 2007 and enter a judgment dismissing plaintiff's petition for lack of subject matter jurisdiction.

The Order in Prohibition is made absolute.

PATRICIA L. COHEN, C.J. and GEORGE W. DRAPER, III, J., concur.