Nicole R. **KESTERSON** and Philip M. Kesterson, Appellants,

v.

Gary **WALLUT**, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company, Respondents.

No. WD 61846.

Missouri Court of Appeals, Western District.

July 8, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 2003.

Application for Transfer Denied Oct. 28, 2003.

Matthew J. Padberg, St. Louis, MO, for appellants.

J. Christopher Spangler, Sedalia, MO, for respondents State Farm Automobile Insurance Co. and State Farm Fire & Casualty Co.

Jeremiah W. (Jay) Nixon, Atty. Gen., Virginia H. Murray, Assistant Attorney General, Jefferson City, MO, for respondent Wallut.

Before NEWTON, P.J., and ULRICH and SMITH, JJ.

EDWIN H. SMITH, Judge.

Nicole R. Kesterson and her husband, Philip M. Kesterson, appeal from an order of the Circuit Court of Saline County dismissing their claims against Gary Wallut. They also appeal from the circuit court's summary judgment for respondent, State

Farm Mutual Automobile Insurance Company, on their claims against it under Nicole's uninsured motorist coverage. The appellants' claims arose out of a motor vehicle accident in which Nicole was injured while riding as a passenger in a vehicle owned by her employer, the Missouri Department of Natural Resources, and driven by Wallut, a co-employee. The appellants filed their third amended, six-count petition in the circuit court seeking damages for Nicole's personal injuries and Philip's loss of consortium. In Count I, Nicole sought recovery against Wallut on a theory of negligence. In Counts III and V, she sought recovery against State Farm under her uninsured motorist coverage, alleging in Count III that she was injured by the negligence of Wallut, who was uninsured, and alleging in Count V, that she was injured by the negligence of a phantom driver. In Counts II, IV, and VI, Philip asserted a loss of consortium claim predicated on Nicole's claims as pled in Counts I, III, and V, respectively.

The appellants raise two points on appeal, the first point dealing with the trial court's dismissal of their claims against Wallut for a lack of jurisdiction and the second dealing with the summary judgment for State Farm on the appellants' claims under Nicole's uninsured motorist coverage. In Point I, they claim that the trial court erred in dismissing Nicole's negligence claim against Wallut for lack of subject matter jurisdiction based on the Labor and Industrial Relations Commission (Commission) having exclusive jurisdiction because the circuit court does have jurisdiction over claims for injuries alleged to have been caused by an affirmative negligent act of a co-employee in breach of a duty, which was independent of the nondelegable duty of the employer to provide a safe workplace. In Point II, they claim that the trial court erred in granting summary judgment to State Farm on their

claims alleged in Counts III and IV of their third amended petition based on Wallut's being immune from suit as a co-employee because on the facts alleged in State Farm's motion and as a matter of law, Wallut is not immune from suit, as claimed in Point I, and even if he is, the policies would still provide uninsured motorist coverage in that under the express terms of the State Farm policies and the underlying public policy of § 379.203.1, the appellants are still "legally entitled to collect" from Wallut, and he is considered uninsured, despite his being covered by the State Legal Defense Fund.

We affirm in part and dismiss the appeal in part.

### Facts

On December 30, 1998, Nicole was riding in a 1998 Dodge Ram pickup truck, owned by her employer and driven by Wallut, her immediate supervisor. Wallut was the Superintendent of Truman State Park near Warsaw, Missouri. At 9:00 a.m. that morning, Nicole and Wallut met for breakfast at a Perkins' Restaurant in Sedalia, Missouri, then purchased some tools at a Sedalia hardware store for use at the park. The two then proceeded to Kansas City, Missouri, with Wallut driving, where they were to obtain a bid from Home Depot for cabinets for Wallut's residence at the park, provided by his employer. They experienced intermittent snow and snow-packed pavement while in route. As Wallut drove westbound on Interstate 70, he lost control of the vehicle, which crossed the median and struck an eastbound truck. The collision caused Nicole to be ejected from the vehicle and to sustain serious injuries, which included a closed head injury, a fractured skull, and injuries to her neck, shoulders, and back. As a result of her injuries, Nicole applied for and received workers' compensation

benefits claiming that she was injured in the course and scope of her employment.

On January 3, 2000, Nicole filed a one-count damage petition in the Circuit Court of Saline County, in which she sought recovery against Wallut on a theory of negligence. In her petition, Nicole alleged that Wallut negligently caused the December 30, 1998, accident by failing to keep a careful lookout, driving at a speed that was excessive for the circumstances, and failing to drive within his lane of travel. On March 28, 2000, Wallut filed a motion to dismiss the petition for lack of subject matter jurisdiction, claiming that Nicole's exclusive remedy was under the Workers' Compensation Law in that the accident causing the injuries for which she sought recovery occurred while both Nicole and Wallut were State employees, in a State vehicle, and conducting State business. The motion was overruled on September 18, 2000.

On January 25, 2001, Nicole and Philip filed a first amended petition, alleging four counts. In Count I, she sought recovery for her personal injuries against Wallut on a theory of negligence, and in Count III she sought recovery against "State Farm Fire & Casualty Company," under her uninsured motorist coverage, alleging that her injuries were caused by the negligence of a phantom driver. In Counts II and IV, Philip asserted a loss of consortium claim predicated on Nicole's claims as pled in Counts I and III.

On April 23, 2001, State Farm Mutual Automobile Insurance Company filed an answer to the appellants' first amended petition, alleging, *inter alia*, that it, not State Farm Fire & Casualty Company, issued the uninsured motorist policies to Nicole, and, therefore, it was the proper party defendant in the appellants' action. On May 21, 2001, the appellants filed a motion seeking leave to file a second amended petition substituting State Farm Mutual Automobile Insurance Company for State Farm Fire & Casualty Company, which was sustained on June 7, 2001.

On August 1, 2001, Wallut filed a motion for summary judgment, claiming that the Workers' Compensation Law provided the exclusive remedy for Nicole's claim. The motion alleged, as undisputed material facts, that both Nicole and Wallut were State employees on State business in a State vehicle at the time that the accident occurred. Wallut's motion was denied by the circuit court on September 20, 2001.

The appellants filed a second amended petition, alleging six counts, on August 13, 2001. In Count I, Nicole sought recovery against Wallut on a theory of negligence. In Count III, she sought recovery against State Farm pursuant to uninsured motorist provisions contained in four separate policies issued to her by State Farm. Specifically, Count III alleged that Wallut was a known uninsured motorist, in that the State vehicle which Wallut was driving was covered by the State Legal Expense Fund, which was not an insurance program. In Count V, she sought recovery against State Farm under her uninsured motorist coverage, alleging that she was injured by the negligence of a phantom driver. In Counts II, IV, and VI, Philip asserted a loss of consortium claim predicated on Nicole's claims as pled in Counts I, III, and V, respectively.

On September 4, 2001, State Farm filed its answer to the appellants' petition, a cross-claim against Wallut, and a counter-claim against the appellants. In its counterclaim, State Farm sought a declaration of the court that the uninsured motorist policies issued to Nicole did not provide coverage for the December 30, 1998, accident, because Wallut was not an uninsured motorist in that he was covered by the State Legal Expense Fund which would

satisfy any judgment obtained against Wallut by Nicole.

On February 22, 2002, State Farm filed a motion for summary judgment on its declaratory judgment action against the appellants. The motion alleged, as undisputed material facts, that at the time of the accident, Wallut was driving a State-owned vehicle within the course and scope of his employment with the Missouri Department of Natural Resources; and that, at the time of the accident, the State Legal Expense Fund covered liability claims arising out of a State employee's operation of a State-owned vehicle. Consequently, State Farm claimed that it was entitled, as a matter of law, to a declaratory judgment that the uninsured motorist provisions contained in Nicole's State Farm policies did not cover the December 30, 1998, accident because Wallut was not an uninsured motorist.

On May 28, 2002, Wallut filed a motion to dismiss Counts I and II of the appellants' second amended petition. On June 24, 2002, Wallut filed an amended motion to dismiss, which claimed that, in light of the Missouri Supreme Court's recent decision in *State ex rel. Taylor v. Wallace,* 73 S.W.3d 620 (Mo. *banc* 2002), the trial court was without subject matter jurisdiction because the plaintiffs' exclusive remedy was under the Workers' Compensation Law.

On July 8, 2002, the Kestersons filed a third amended petition which was essentially the same as the second amended petition. On August 3, 2002, the trial court granted Wallut's motion to dismiss Counts I and II of the appellants' third amended petition for lack of subject matter jurisdiction, and granted State Farm's motion for summary judgment on Counts III and IV. The court's summary judgment did not rule on Counts V and VI against State Farm in which the appellants

alleged that Nicole's injuries were caused by a phantom driver.

This appeal followed.

## I.

■ In Point I, the appellants claim that the trial court erred in dismissing Nicole's personal injury negligence claim against Wallut for lack of subject matter jurisdiction based on the Labor and Industrial Relations Commission (Commission) having exclusive jurisdiction because the circuit court had jurisdiction over claims for damages for personal injuries alleged to have been caused by an affirmative negligent act of a co-employee in breach of a duty, which is independent of the non-delegable duty of the employer to provide a safe workplace. Specifically, they claim that Wallut's alleged failure to drive in a careful and prudent manner breached a duty that he owed to Nicole that was separate and apart from the Department's duty to provide a safe workplace. Although this appeal involves both Nicole's and Philip's claims, because this point is directed solely at whether the circuit court has jurisdiction over Nicole's personal injury claim and the viability of Philip's loss of consortium claim is totally reliant thereon, *Davis v. Board of Educ. of City of St. Louis,* 963 S.W.2d 679, 688 (Mo.App.1998), our discussion is limited to Nicole's claim alone.

Under Rule 55.27(g)(3), the circuit court is to dismiss a cause of action for a lack of subject matter jurisdiction "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Romero v. Kansas City Station Corp.,* 98 S.W.3d 129, 133 (Mo.App.2003). In determining the question of its subject matter jurisdiction, the circuit court is not only the arbiter of the law, but the facts necessary to decide the question. *James v. Poppa,* 85 S.W.3d 8, 9

(Mo. *banc* 2002). Thus, the question of whether the circuit court has subject matter jurisdiction is a question of fact for the trial court to decide based not only on facts appearing of record, but facts adduced by affidavits of the parties, oral testimony, and depositions. Rule 55.28; *Romero*, 98 S.W.3d at 133–34. As the term "appears" in Rule 55.27(g)(3) suggests, the quantum of proof for prevailing on a motion to dismiss for lack of subject matter jurisdiction is not high; it must only appear by a preponderance of the evidence that the court is without jurisdiction. *Romero*, 98 S.W.3d at 134. If the record before the circuit court is sufficient to support the court's factual findings on which it relied in dismissing the action, we will not reverse the court's decision to dismiss, unless we determine the court in doing so abused its discretion, in light of the proof standard enunciated in Rule 55.27(g)(3). *Id.* at 137. An abuse of discretion occurs "when the trial court's ruling is clearly against the logic of the circumstances presented to the court and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Id.*

█ It is well settled in the law that if the Workers' Compensation Law is implicated, it supplants all common law rights of the employee and deprives the circuit court of subject matter jurisdiction over any suit by the employee against his or her employer for on-the-job injuries. *State ex rel. Safety Roofing Sys., Inc. v. Crawford*, 86 S.W.3d 488, 491 (Mo.App. 2002). This immunity of the employer extends, in a limited fashion, to employees of the employer such that an employee is immune from suit for negligence by a co-employee, except for negligence that is not based upon a breach of a general non-delegable duty of the employer. *State ex rel. Taylor*, 73 S.W.3d at 621–22. Thus,

where a suit against a fellow employee alleges nothing more than a breach of the employer's duty to maintain a safe working environment, the plaintiff's exclusive remedy is under the Workers' Compensation Law, depriving the circuit court of subject matter jurisdiction. *Id.* at 622–23.

In response to a request for admissions by Wallut, the appellants admitted that at the time of the accident, both Nicole and Wallut were State employees, riding in a State vehicle, and conducting State business. Thus, the only disputed issue for the trial court in determining its jurisdiction was whether the appellants' petition alleged "affirmative negligent acts" of Wallut that were independent of the Missouri Department of Natural Resources' duty to provide a safe workplace for both Nicole and Wallut. *Id.* at 621–22.

In *State ex rel. Taylor*, the Court was asked to address the issue of whether the alleged negligent operation of a motor vehicle by a co-employee resulting in injury to his fellow employee would be considered an alleged breach of the employers' duty to provide a safe workplace for its employees or a separate duty of the co-employee such that the co-employee was not immune from suit due to the exclusive jurisdiction of the Commission. *Id.* at 621–22. The plaintiff was a passenger on a trash truck driven by a co-employee and was injured when the truck struck a mailbox. *Id.* at 621. The plaintiff brought a negligence action against the driver, claiming that his injuries were the result of his careless driving. *Id.* The defendant sought to dismiss for a lack of subject matter jurisdiction, alleging that the Commission had exclusive jurisdiction over the plaintiff's claim. *Id.* In upholding the trial court's dismissal, the Court stated:

Here, it has been alleged that [the defendant]: 1) failed to keep a careful lookout; 2) carelessly and negligently

struck a mailbox while driving; and 3) carelessly and negligently drove too close to a fixed object. Taken together, these claims amount to no more than the allegation that defendant negligently failed to discharge his duty to drive safely. This is not the kind of purposeful, affirmatively dangerous conduct that Missouri courts have recognized as moving a fellow employee outside the protection of the Workers' Compensation Law's exclusive remedy provisions. In other words, an allegation that an employee failed to drive safely in the course of his work and injured a fellow worker is not an allegation of "something more" than a failure to provide a safe working environment.

*Id.* at 622.

Despite the appellants' attempt in their brief to characterize the allegations of their petition as alleging something more than Wallut's failure to drive in a safe manner, a review of their petition reveals otherwise. In their third amended petition, they alleged that Wallut failed to keep a careful lookout, drove at a speed that was excessive for the circumstances, and failed to drive within his lane of travel. Any fair reading of the allegations results in the conclusion that the appellants were contending that Wallut failed to drive in a safe manner, putting it squarely within the purview of *Taylor* such that the trial court was correct in dismissing for a lack of subject matter jurisdiction on the basis that under the Workers' Compensation Law, Wallut was immune from suit by Nicole.

The appellants attempt to distinguish *Taylor* on the basis that it is to be limited to situations where the vehicle in question is essentially the workplace, as opposed to simply being a mode of transportation to and from work sites. However, in reading *Taylor*, it is clear to us that the Court did

not consider that factor in reaching its decision. Rather, it simply held without any apparent qualification that "an allegation that an employee failed to drive safely in the course of his work and injured a fellow worker is not an allegation of 'something more' than a failure to provide a safe working environment," placing any action predicated thereon squarely within the exclusive jurisdiction of the Workers' Compensation Law. *Id.*

Point denied.

## II.

In Point II, the appellants claim that the trial court erred in granting summary judgment to State Farm on their uninsured motorist claims as alleged in Counts III and IV of their third amended petition, based on Wallut's being immune from suit as a co-employee, because on the facts alleged in State Farm's motion and as a matter of law, Wallut is not immune from suit, as claimed in Point I, and even if he is, the State Farm policies would still provide uninsured motorist coverage. Specifically, they claim that under the express terms of the policies and the underlying public policy of § 379.203.1, the appellants are still "legally entitled to collect" from Wallut, and he is considered uninsured, despite his being covered by the State Legal Defense Fund. Because we find that there is no final judgment as to the appellants' claims against State Farm, we dismiss the appeal from the trial court's grant of summary judgment on the appellants' claims against State Farm.

In reviewing the trial court's grant of summary judgment to State Farm:

[o]ur review is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion

initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (internal citations omitted). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 377. In considering an appeal from a summary judgment, we are to:

> review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 376 (internal citations omitted).

A movant's right to judgment as a matter of law differs significantly depending upon whether that movant is a "claimant" or a "defending party." *Id.* at 381. "A 'claimant' must establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial[,]" entitling the claimant to judgment as a matter of law. *Id.* A defending party, on the other hand, may establish a right to judgment by employing one or more of three means: (1) showing undisputed facts that negate any one of the plaintiff's required proof elements; (2) showing that the plaintiff, after an adequate period of discovery, has not produced and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of one or more of the plaintiff's proof elements; or (3) showing that there is no genuine dispute as to the existence of the facts necessary to prove the movant's properly pleaded affirmative defense. *Id.* "Regardless of which of these three means is employed by the 'defending party,' each establishes a right to judgment as a matter of law." *Id.*

At first blush, it would appear that our analysis of the propriety of the trial court's granting State Farm summary judgment on the appellants' claims would be in the context of a claimant in that the record reflects that the trial court awarded State Farm summary judgment on its counterclaim for declaratory judgment, in which it sought a declaration of the court that the uninsured motorist policies issued by it to Nicole did not provide coverage for the December 30, 1998, accident. However, on closer inspection, it becomes clear that despite State Farm's characterization of its pleadings, it simply was asserting the affirmative defense of there being no coverage. In that regard, it is well settled that the Declaratory Judgment Act, §§ 527.010–.290, is not to be invoked where an adequate remedy exists, and an adequate remedy existed in that State Farm could have asserted the coverage issue sought to be declared as a defense to the appellants' lawsuit. *Preferred Phy. Mut. v. Risk Ret. Group*, 916 S.W.2d 821, 824 (Mo.App.1995). Thus, we will treat State Farm as a defending party for purposes of analyzing the correctness of the trial court's granting it summary judgment on the appellants' claims.

To be entitled to full summary judgment, a defending party, employing one of the three means for obtaining summary judgment, must allege undisputed facts demonstrating that the plaintiff cannot recover on any theory pled. *Ashworth v. City of Moberly*, 53 S.W.3d 564, 571 (Mo.App.2001). A summary judgment for

a defendant on less than all the theories pled by the plaintiff for recovery does not constitute a full summary judgment, but only a partial summary judgment, which is not a final judgment subject to our review. *Moreland v. Farren–Davis*, 995 S.W.2d 512, 516 (Mo.App.1999).

In seeking to recover against State Farm under Nicole's uninsured motorist coverage, the appellants alleged two different theories of recovery. In Count III, they asserted that Wallut's negligence caused or contributed to cause Nicole's injuries and that he was uninsured in that the State's Legal Defense Fund was not insurance. In Count V, they alleged that Nicole's injuries were caused by an uninsured phantom driver. While Nicole's uninsured motorist claim under Count III was expressly resolved by the trial court's grant of summary judgment, no mention was made of her claim under Count V. Thus, the trial court only granted partial summary judgment, which is not a final judgment subject to our review. *Id.*

Despite the fact that the trial court only granted State Farm partial summary judgment, if it could have properly granted a full summary judgment on the motion and record made thereon, we would still affirm in that we are to affirm on any basis that is supported by the summary judgment record made. *In re Estate of Blodgett*, 95 S.W.3d 79, 81 (Mo. *banc* 2003). A review of the summary judgment record, however, reflects that State Farm did not seek summary judgment as to Count V in its motion and, in fact, admits in its brief that Count V remains pending. Thus, there was no summary judgment record developed, as contemplated by Rule 74.04, as to whether, as a matter of law, State Farm was entitled to summary judgment on Nicole's claim under her uninsured motorist coverage based on a phantom driver causing or contributing to cause her injuries.

Hence, we are left with nothing more than a partial summary judgment for State Farm on the appellants' claims against it, which is not subject to our review as a final judgment. *Moreland*, 995 S.W.2d at 516.

The fact that the trial court certified its summary judgment for early appeal under Rule 74.01(b) does not change the jurisdictional status of this case. Rule 74.01(b) is not a "procedural magic wand" that can be waved to create a final judgment where none legally can exist. *Pen–Yan Inv., Inc. v. Boyd Kansas City, Inc.*, 952 S.W.2d 299, 308 (Mo.App.1997). To be certified under the rule for early appeal, one complete claim as to one party must be resolved. *Moreland*, 995 S.W.2d at 516. That did not happen here in that State Farm did not seek, nor did the circuit court grant, summary judgment on the appellants' uninsured motorist claims under their alternative count, Count V.

Point dismissed.

### Conclusion

The order of the Circuit Court of Saline County dismissing the appellants' claims against Gary Wallut in Counts I and II of their amended petition for lack of subject matter jurisdiction is affirmed. The appellants' appeal from summary judgment for State Farm on their uninsured motorist claims in Counts III and IV of their petition is dismissed for lack of appellate jurisdiction.

NEWTON, P.J., and ULRICH, J., concur.