Gloria GROH, Appellant,

v.

Terry KOHLER, Respondent.

No. WD 63450.

Missouri Court of Appeals,
Western District.

Aug. 10, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 2004.

Application for Transfer Denied Nov. 23, 2004.

David J. Spencer, Kansas City, MO, for Appellant.

Douglas N. Ghertner, Kansas City, MO, for Respondent.

Before ROBERT G. ULRICH, P.J., HAROLD L. LOWENSTEIN and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Presiding Judge.

Gloria Groh appeals the dismissal with prejudice of her personal injury claim against Terry Kohler for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Ms. Groh's petition alleges that she and Ms. Kohler were both employees of Mr. LongArm, Inc. when Ms. Groh was injured while performing work for her employer at her employer's place of business. Ms. Groh's petition alleging a cause of action against Ms. Kohler was dismissed because the trial court determined that it alleged she was performing work within the course and scope of her employment and that her exclusive remedy was under the Missouri Workers' Compensation Law. The judgment of dismissal is reversed, and the case is remanded for further proceedings.

### Facts Alleged in Petition

Ms. Groh was employed at Mr. Long-Arm, Inc. in Jackson County. Her job included operating a plastic injection Band Molding machine that would compress and punch inserted plastic into the desired shape. Over time, hardened plastic would accumulate within the mechanism requiring its removal by hand. Ms. Groh experienced problems with the machine. She informed her supervisor, Ms. Kohler, that the machine would sporadically compress without her depressing the foot pedal that was the mechanism designed to cause the machine to operate. Ms. Koehler allegedly responded by stating to Ms. Groh, "quit whining" and "just deal with it." Ms. Groh's petition asserts that Ms. Koehler did not inspect or fix the machine, and she did not instruct another to fix the machine.

Ms. Groh was performing her job on November 29, 2000, when she reached into the machine mechanism to remove some hardened plastic that had formed and the machine compressed on her hand causing severe injuries. As a direct and proximate result of the defective operation of the machine, Ms. Groh lost virtually all of her right hand suffering extreme physical and emotional pain.

Ms. Groh's petition alleges that Ms. Kohler was acting outside her duties as a

Mr. LongArm, Inc. employee when she, knowing the defective nature of the band molding machine, failed to act to correct the defective machine, to inspect the machine, to terminate use of the machine until it was fixed or replaced, and to reasonably foresee that the machine would injure Ms. Groh or another employee operator. Ms. Kohler filed her motion to dismiss Ms. Groh's amended petition asserting the court's lack of subject matter jurisdiction and Ms. Groh's failure to assert a claim upon which relief could be granted. The trial court entered its judgment sustaining Ms. Kohler's motion to dismiss and denying Ms. Groh's motion to amend her first amended petition by filing her second amended petition, which would have added two additional allegations relating to the machine. Ms. Groh appeals the judgment.

### Point on Appeal

Ms. Groh claims as her sole point on appeal that the trial court erred in dismissing her petition for damages against Ms. Kohler because her amended petition asserts that Ms. Kohler knew of the defective nature of the band molding machine and purposefully and affirmatively ordered Ms. Groh to continue to work on the machine, and these allegations are sufficient to assert a cause of action over which the courts have subject matter jurisdiction that is not preempted by Missouri's Workers' Compensation Law and for which a remedy can be granted.

### Standard of Review

This court in *Sexton v. Jenkins & Assocs., Inc.*, 41 S.W.3d 1, 3 (Mo.App. W.D.2000), synopsized the standard of review in cases where the Workers' Compensation Law was applicable, the plaintiff sued a co-employee for injuries sustained in the course and scope of employment, and the trial judge dismissed the petition for lack of jurisdiction. The court said:

> The Workers' Compensation Law provides for the exclusive rights and remedies of injured workers. § 287.120. A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise as a defense to a tort action the exclusive jurisdiction of the Workers' Compensation Law, as provided in Chapter 287. *Burns v. Employer Health Services, Inc.*, 976 S.W.2d 639, 641 (Mo.App.1998). A motion to dismiss should be granted when it appears that the trial court lacks subject matter jurisdiction. *James v. Union Electric Co.*, 978 S.W.2d 372, 374 (Mo.App.1998). "'As the term "appears" suggests, the quantum of proof is not high.'" *Burns*, 976 S.W.2d at 641 *(quoting Parmer v. Bean, 636 S.W.2d 691, 694 (Mo.App. 1982))*. The party raising the defense must show by a preponderance of the evidence that the trial court is without subject matter jurisdiction. *James, 978 S.W.2d at 374*. In determining whether it has jurisdiction, the trial court may consider affidavits, exhibits, and evidence pursuant to Rules 55.27 and 55.28. *Burns, 976 S.W.2d at 641*.

*Id.* at 3–4. Rule 55.27(g)(3) provides that the trial court is to dismiss a cause of action where the court lacks subject matter jurisdiction. When suggestion of the parties or otherwise demonstrates to the court that it lacks jurisdiction over the subject matter, the court is to dismiss the petition. *Romero v. Kansas City Station Corp.*, 98 S.W.3d 129, 133 (Mo.App. W.D.2003)(quoting Rule 55.27(g)(3)). The court is the arbiter for both the facts and the law when deciding the question. *Kesterson v. Wallut*, 116 S.W.3d 590, 594 (Mo. App. W.D.2003). The quantum of proof is not great and a preponderance of the evidence that the court is without jurisdiction

is the measure. *Romero,* 98 S.W.3d at 134; *Kesterson,* 116 S.W.3d at 595.

## Discussion

The Missouri Workers' Compensation Law, where applicable, supplants the injured employee's common law rights of recovery against a fellow employee and deprives the courts of subject matter jurisdiction as the forum to redress the employee's injuries sustained in the course and scope of employment. *State ex rel. Safety Roofing Sys., Inc. v. Crawford,* 86 S.W.3d 488, 491 (Mo.App. S.D.2002); § 287.120, RSMo 2000. An employer's immunity under section 287.120 from common law liability for failure to provide a safe working environment extends to the employer's employee. The injured party's fellow employee loses this immunity, however, if he or she affirmatively commits negligent acts outside the scope of an employer's responsibility to provide a safe workplace. *Hedglin v. Stahl Specialty Co.,* 903 S.W.2d 922, 926 (Mo.App. W.D. 1995). A co-employee "is not liable merely for breaching a duty that the employer owed the injured employee." *Craft v. Scaman,* 715 S.W.2d 531, 536–37 (Mo.App. E.D.1986). For a petition to state a cause of action against a fellow employee, it must charge "something extra" beyond a breach of general supervision and safety. *Id.* "A co-employee loses [Workers' Compensation Law] immunity only if he affirmatively causes or increases his fellow employee's risk of injury." *Lyon v. McLaughlin,* 960 S.W.2d 522, 526 (Mo.App. W.D.1998). In the cases that have recognized that the "something more" requirement had been met, the supervisor personally participated in the activity constituting the "something more" by directing the employee to participate in acts that were dangerous and that a reasonable person would recognize to be hazardous and beyond the usual requirements of the employment. *Id.* In *Quinn v.*

*Clayton Construction Co.,* 111 S.W.3d 428, 432 (Mo.App. E.D.2003), the court stated:

> To maintain an action against a co-employee, the injured worker must demonstrate circumstances showing a personal duty of care owed by the defendant to the injured worker, separate and apart from the employer's non-delegable duties, and that breach of this personal duty proximately caused the worker's injuries. *Gunnett v. Girardier Building and Realty Co.,* 70 S.W.3d 632, 641 (Mo. App. E.D.2002).

In *Hedglin,* the plaintiffs asserted a wrongful death claim against both the employer and decedent's co-employee supervisor. This court declared that although the Workers' Compensation Law exempted the claim against decedent's employer, the Law did not preempt the claim against the decedent's co-employee supervisor. The "something extra" that exempted the plaintiffs' claim against the supervisor co-employee from the exclusive application of the Workers' Compensation Law was, if proven, the allegations in plaintiffs' petition that the supervisor required the decedent to climb to the top of a vat that contained scalding water, climb down into the vat, and hang from a forklift to remove a submerged grate thereby subjecting the decedent to extreme risk of injury or death. *Hedglin,* 903 S.W.2d at 927. When the decedent fell into the scalding water, the supervisor was operating the forklift and acting as a co-employee of the decedent.

The court in *Hedglin* noted that the allegations were similar to those in *Tauchert v. Boatmen's National Bank of St. Louis,* 849 S.W.2d 573 (Mo. banc 1993), where an employee alleged tort liability against his job foreman, and the employee was injured when an elevator cab on which he was working fell several floors. The petition alleged that the foreman had per-

sonally arranged a faulty hoist system for the elevator that resulted in plaintiff's injuries when the elevator fell, and the trial court ruled that this asserted fact sufficiently overcame a motion for summary judgment seeking the immunity provided by the Workers' Compensation Law. The court in *Tauchert* considered whether the trial court had erred in granting summary judgment to the defendant, plaintiff's supervisor and co-employee. In finding that deposition testimony relied on by the trial court to support summary judgment failed to remove the fact issue that active negligence by the defendant co-employee caused plaintiff's injuries, the court said:

> The creation of a hazardous condition is not merely a breach of an employer's duty to provide a safe place to work. Defendant's alleged act of personally arranging the faulty hoist system for the elevator may constitute an affirmative negligent act outside the scope of his responsibility to provide a safe workplace for plaintiff. Such acts constitute a breach of personal duty of care owed to plaintiff. These actions may make an employee/supervisor liable for negligence and are not immune from liability under the workers' compensation act. Under the law of this state, defendant may be held liable to plaintiff for his injuries and is not protected by the provisions of § 287.120.1 RSMo 1986. (Citations omitted).

*Id.* at 574.

Judge Smart's concurring opinion in *Hedglin,* stressed that for an employee to overcome the immunity provided by the Workers' Compensation Law, the allegation of a cause of action against a co-employee must assert " 'something more' beyond the co-employee's failure to implement the employer's duty of providing a safe workplace." *Hedglin,* 903 S.W.2d at 928 (quoting *State ex rel. Badami v. Ga-*

*ertner,* 630 S.W.2d 175, 180 (Mo.App. E.D. en banc 1982)). The conduct of the co-employee must be an "affirmative negligent act," one that "affirmatively causes or increases his fellow employee's risk of injury," *Id.* (quoting *Felling v. Ritter,* 876 S.W.2d 2, 5 (Mo.App. W.D.1994)), or a "breach of [the] personal duty of care owed to the plaintiff." *Id.* (quoting *Marshall v. ETI Explosives Technologies Int'l,* 874 S.W.2d 442, 444 (Mo.App. W.D.1994)).

In *State ex rel. Taylor v. Wallace,* 73 S.W.3d 620 (Mo. banc 2002), the Supreme Court said that "an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's responsibility to provide a safe workplace." *Id.* at 621–22 (quoting *Kelley v. DeKalb Energy Co.,* 865 S.W.2d 670, 672 (Mo. banc 1993)). The Court also said, "what constitutes an 'affirmative negligent act' has not proven susceptible of reliable definition, and Missouri courts have essentially applied the rule on a case-by-case basis with close reference to the facts in each individual case." *Id.* at 622. The Court determined that failing to keep a careful lookout, carelessly and negligently striking a mailbox while driving, and carelessly and negligently driving too close to a fixed object constituted the failure to discharge the driver's duties to drive safely and did not constitute "the kind of purposeful, affirmatively dangerous conduct that Missouri courts have recognized as moving a fellow employee outside the protection of the Workers' Compensation Law's exclusive remedy provisions." *Id. See also Brown v. Roberson,* 111 S.W.3d 422, 424–25 (Mo.App. E.D.2003) (where claiming defendant drove at excessive speed, took inappropriate route for the vehicle, failed to ensure load was secure and would not shift are allegations that defendant failed to discharge his duty to prepare and operate vehicle safely and do not obviate immunity of Workers' Compensation Law).

. Ms. Groh contends that her petition alleges sufficient facts to except the exclusivity of the Workers' Compensation Law and to state a case within the subject matter jurisdiction of the trial court. The facts and reasonable inferences asserted in Ms. Groh's petition are that, while she was working at her employer's place of business and performing her assigned duties that included operating a Bald Molding machine, Ms. Kohler, her supervisor, was informed that the machine was defective because it intermittently compressed without her activating the foot pedal designed to cause the machine to compress with enough force to mold plastic. Despite being informed of the malfunction, Ms. Kohler failed to inspect and fix it or have someone else correct the malfunction, and she failed to "shut [it] down." Ms. Kohler responded to Ms. Groh's statements to her by saying, "quit whining," and "just deal with it." Ms. Groh's petition further claims that she was injured when the machine malfunctioned in the manner described to Ms. Kohler. The reasonable inference is that Ms. Kohler, knowing the machine's function was to compress plastic with substantial force, expected and required Ms. Groh to use the allegedly defective and dangerous machine without regard to its condition or her safety. A reasonable inference expressed in the allegations of the petition is that Ms. Kohler knowingly subjected Ms. Groh to substantial harm. The question is, then, whether Ms. Kohler's alleged conduct states a cause of action within the subject matter jurisdiction of the trial court or whether the exclusive provisions of Workers' Compensation Law preempts the claim.

Ms. Groh's petition states a case of action and is not preempted by the Workers' Compensation Law. Like *Hedglin*, Ms. Groh was effectively required by her supervisor and co-employee to perform an inherently dangerous act although the duties ascribed to her job were not inordinately dangerous. The dangerous environment caused by the defective machine made injury virtually inevitable if Ms. Groh continued to perform her duties on the machine long enough. Ms. Kohler is alleged to have effectively informed Ms. Groh to use the machine regardless of the machines known dangerous spontaneous operation knowing that the use of the machine subjected Ms. Groh to injury. The rationale for co-employee liability is expressed in *Tauchert*, "The creation of a hazardous condition is not merely a breach of an employer's duty to provide a safe place to work....Such acts constitute a breach of personal duty of care owed to plaintiff." *Tauchert*, 849 S.W.2d at 574. Such is the case here as asserted by Ms. Groh's petition. Although Ms. Kohler is not alleged to have caused the machine to malfunction, her alleged conduct of compelling Ms. Groh to continue to perform her duties by operating the known dangerous machine that was likely to injure the operator effectively created the dangerous condition resulting in the injuries sustained by Ms. Groh. The "something extra," "something more," and "affirmatively negligent act" referred to by the cases is alleged by Ms. Groh's petition. Therefore, because the petition states a cause of action that is within the subject matter jurisdiction of the trial court, the trial court erred when it dismissed the petition with prejudice. The trial court is directed to set aside its judgment of dismissal and to reinstate Ms. Groh's petition.

LOWENSTEIN and EDWIN H. SMITH, JJ. concur.