Jade NOWLIN, a minor by her next friend and mother, Roxanna CARTER, Appellant,

v.

Lonnie NICHOLS, Respondent,

and

Lonnie Nichols Trucking and Excavating Company, Inc., Defendant.

No. WD 63743.

Missouri Court of Appeals, Western District.

May 31, 2005.

Marvin Tofle, Esq., Columbia, MO, attorney for appellant.

Robert J. Harris, Esq., Columbia, MO, attorney for respondent.

Before HARDWICK, P.J., ULRICH and NEWTON, JJ.

LISA WHITE HARDWICK, Judge.

This appeal arises from the circuit court's dismissal of a wrongful death claim for lack of subject matter jurisdiction because the Workers' Compensation Law provided the exclusive remedy. Jade Nowlin, a minor, filed the wrongful death claim alleging that her father's accidental death was caused by the negligence of his co-worker, Lonnie Nichols. Jade appeals the dismissal, contending the circuit court erred in determining her claim was preempted by the limited immunity for co-employees under the Worker Compensation Law. For reasons explained herein, we affirm the judgment of dismissal.

FACTUAL AND PROCEDURAL HISTORY

Six-year old Jade Nowlin, by and through her next friend and mother, Roxanna Carter, filed a wrongful death action alleging negligence in the work-related death of her father, Ronnie Nowlin. The petition was filed against Mr. Nowlin's employer at the time of his death, Lonnie Nichols Trucking & Excavating Company, Inc. ("Nichols Trucking"), and his co-employee and the owner of Nichols Trucking, Lonnie Nichols.

Jade's amended petition alleged that, on November 11, 2001, Mr. Nowlin and Mr. Nichols were working at a jobsite when a bulldozer became stuck in the mud and was disabled. Mr. Nichols attempted to extricate the disabled bulldozer by rigging it to a chain that was attached to a second bulldozer. After directing Mr. Nowlin to assist in the extrication, Mr. Nichols operated the second bulldozer uphill from the disabled bulldozer. The petition further alleged that, at some point, Mr. Nichols got out of the second bulldozer and left the motor running. The second bulldozer subsequently rolled downhill and crushed Mr. Nowlin, who was standing between the two bulldozers. The petition alleged that Mr. Nowlin's death was proximately caused by the affirmative negligent acts of Mr. Nichols in directing the extrication and in operating the second bulldozer. The petition also sought to impute liability against Nichols Trucking under the negligence theory of *respondeat superior*.

Mr. Nichols and Nichols Trucking filed motions to dismiss the amended petition for lack of subject matter jurisdiction. The motions asserted the negligence claims were barred because the Workers' Compensation Law provided the exclusive remedy for Mr. Nowlin's work-related death. The circuit court granted the motions, thereby dismissing the petition against both defendants. Jade appeals from the dismissal of her wrongful death claim against the co-employee, Mr. Nichols.

STANDARD OF REVIEW

■ The Workers' Compensation Law provides the exclusive rights and remedies for the accidental injury or death of an employee in the course of employment. § 287.120.1–2.[1] A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise, as a defense to a tort action, the exclusive jurisdiction of the Labor and Industrial Relations Commission under the Workers' Compensation Law. *Groh v. Kohler*, 148 S.W.3d 11, 13 (Mo.App.2004). A motion to dismiss

---

1. All statutory citations are to the Missouri Revised Statutes 2000, unless otherwise indicated.

should be granted when it "appears" the circuit court lacks jurisdiction of the subject matter. Rule 55.27(g)(3).[2] As the term "appears" suggests, the quantum of proof is not high and can be satisfied with a preponderance of evidence that the court is without jurisdiction. *Groh*, 148 S.W.3d at 13.

If the record is sufficient to support the circuit court's dismissal for lack of subject matter jurisdiction, we will not reverse unless an abuse of discretion is shown. *Kesterson v. Wallut*, 116 S.W.3d 590, 595 (Mo.App.2003). In light of the exclusivity of remedies under the Workers' Compensation Law, we must resolve all doubts concerning jurisdiction in favor of the Labor and Industrial Relations Commission rather than the circuit court. *Collier v. Moore*, 21 S.W.3d 858, 860 (Mo.App.2000).

### POINT ON APPEAL

The Appellant contends the circuit court abused its discretion in dismissing her wrongful death claim against Mr. Nichols, because the amended petition alleged sufficient facts to invoke an exception to the exclusivity provisions of the Workers' Compensation Law. Relying on the co-employee exception discussed in *Gunnett v. Girardier Building & Realty Co.*, 70 S.W.3d 632, 641 (Mo.App.2002), Appellant argues that Mr. Nichols was not immune from common law liability because he committed "affirmative negligent acts" outside the scope of the employer's responsibility to provide a safe workplace.

■ Under Section 287.120, the Workers' Compensation Law supplants an injured employee's common law right of recovery and immunizes employers from tort claims for workplace accidents. This im-munity from common law liability for failure to provide a safe working environment extends to the employer's employee. *Groh*, 148 S.W.3d at 14. However, the immunity can be lost if the co-employee commits acts outside the scope of an employer's responsibility to provide a safe workplace. *Id.*

■ A co-employee cannot be held liable for merely breaching a duty that the employer owed the injured employee. *Id.* For a petition to state a cause of action against a co-employee, "something extra beyond a breach of general supervision and safety" must be alleged. *Id.* The injured worker must demonstrate circumstances showing a personal duty of care owed by the co-employee, separate and apart from the employer's non-delegable duties, and that breach of this personal duty proximately caused the injury. *Gunnett*, 70 S.W.3d at 641. When engaged in conduct outside the scope of the employer's standard duty, the co-employee owes a personal duty to exercise ordinary care and to refrain from conduct that might reasonably be foreseen to cause injury to another. *Id.*

■ Whether a personal duty exists is determined as a matter of law and is necessarily dependent on the facts and circumstances of each case. *Id.* Our courts have generally found that the "something extra" or "something more" requirement has been met in cases where a supervisor created a hazardous condition by personally directing the injured worker to engage in conduct that a reasonable person would recognize as inherently dangerous and beyond the usual requirements of the employment.[3] *Groh*, 148 S.W.3d at 14.

---

**2.** All rule citations are to the Missouri Rules of Civil Procedure (2005).

**3.** See, e.g., *Hedglin v. Stahl Specialty Co.*, 903 S.W.2d 922, 927 (Mo.App.1995) (supervisor was liable for directing employee to be dangled from a forklift over a vat of scalding

These cases demonstrate that a co-employee loses immunity under the Workers' Compensation Law only if he affirmatively causes or increases his fellow employee's risk of injury. *Id.* An affirmative negligent act is not synonymous with any negligent act, as the law requires a purposeful act "directed" at a co-employee. *Gunnett,* 70 S.W.3d at 641.[4]

■ Appellant contends the facts in the amended petition were sufficient to demonstrate that Mr. Nichols engaged in negligent conduct that was "something more" than a mere breach of his employer's duty to provide a safe workplace. The petition alleged that Mr. Nichols attempted to extricate a disabled bulldozer by chaining it to a second bulldozer. Mr. Nichols operated the second bulldozer uphill from the disabled bulldozer and "ordered" Mr. Nowlin to assist in the extrication. At some point, Mr. Nichols got off of the second bulldozer and left the motor running. The second bulldozer rolled down the hill and crushed Mr. Nowlin, who was standing in the area between the two bulldozers. Appellant argues Mr. Nichols should be held personally liable for "the affirmative negligent act of getting off of the working bulldozer leaving the motor running while Ronnie Nowlin was standing between the two bulldozers." (Appellant's Br. at 26)

Appellant's argument must be rejected for two reasons: (1) Mr. Nichols' use of the bulldozer was within the usual scope of his employment; and (2) Mr. Nichols did not engage in inherently dangerous conduct purposefully directed at Mr. Nowlin. Accordingly, the facts do not establish that Mr. Nichols owed a personal duty of care to Mr. Nowlin beyond the employer's responsibility to provide a safe workplace.

Appellant alleged in the Amended Petition that Nichols Trucking was "engaged in the business of operating trucks and heavy equipment for hauling and excavating and related services." As an employer, Nichols Trucking owed a duty to its employees to provide a safe work environment for the operation of bulldozers and other heavy equipment. The petition alleges Mr. Nichols was using a bulldozer at jobsite and that he left it running when he stepped away from it. The petition does not allege that he used the bulldozer in an improper manner or that he did anything outside of his normal job duties in operating the bulldozer. The use of a working bulldozer to extricate a disabled bulldozer might be infrequent, but it was not inordinately dangerous or inappropriate under the circumstances. Although the facts suggest Mr. Nichols may have been careless in leaving the motor running, his conduct was well within the scope of the employer's responsibility to ensure that the bulldozer was operated safely.

Appellant's co-employee claim also fails because the facts do not establish that any

---

water, into which the employee fell and died); *Tauchert v. Boatmen's Nat'l Bank of St. Louis,* 849 S.W.2d 573, 574 (Mo. banc 1993) (foreman who personally arranged an elevator hoist system was liable to employee who was injured when the system failed); *Groh,* 148 S.W.3d at 16 (supervisor was affirmatively negligent in directing employee to continue operating a malfunctioning machine, which compressed on employee's hand and caused severe injuries).

4. See also *Quinn v. Clayton Constr. Co.,* 111 S.W.3d 428 (Mo.App.2003) (employees who threw angle iron from three-story roof directly in path of co-employee on ground below are not liable for co-employee's injuries); *Brown v. Roberson,* 111 S.W.3d 422 (Mo.App. 2003) (employee not liable to co-employee for injuries that occurred when overloaded tractor-trailer overturned); *Gunnett,* 70 S.W.3d 632 (employee who placed plywood under skylight hole in roof not liable to co-employee who fell through the hole).

negligent conduct was purposely directed at Mr. Nowlin. While Mr. Nowlin was allegedly ordered to assist in the extrication, there is no indication that he was told to stand in between the two bulldozers. Appellant argues that Mr. Nowlin was the only other person present when the accident occurred and, thus, Mr. Nichols' careless conduct must have been directed toward Mr. Nowlin. However, as the Respondent points out, the acceptance of this argument would effectively eliminate the requirement of *purposeful* or knowing conduct. See *Groh*, 148 S.W.3d at 16 (co-employee may be subject to personal liability based on facts showing he "knowingly subjected [injured employee] to substantial harm").

The Missouri Supreme Court's decision in *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620 (Mo. banc 2002), is instructive in considering the Appellant's claim that the operation of a motor vehicle constituted an affirmative negligent act. The plaintiff in *Taylor* was injured when he was at work, riding on a trash truck that hit a mailbox. *Id.* at 621. The plaintiff filed suit against his co-employee, the driver of the truck, contending that he: (1) failed to keep a careful lookout; (2) carelessly and negligently struck a mailbox while driving; and (3) carelessly and negligently drove too close to a fixed object. *Id.* at 622. The co-employee moved to dismiss the negligence claims for lack of subject matter jurisdiction, asserting that the plaintiff's exclusive remedy was under the Workers' Compensation Law. *Id.* at 621. When the circuit court denied the motion, the co-employee sought a writ of prohibition that was eventually granted by the Supreme Court. *Id.*

In ordering dismissal of the lawsuit against the co-employee, the Supreme Court held the negligence claims did not establish that the co-employee owed a personal duty to the injured employee beyond the employer's duty to provide a safe working environment:

> Taken together, these claims amount to no more than the allegation that defendant negligently failed to discharge his duty to drive safely. This is not the kind of purposeful, affirmatively dangerous conduct that Missouri courts have recognized as moving a fellow employee outside the protection of the Workers' Compensation Law's exclusive remedy provisions. In other words, an allegation that an employee failed to drive safely in the course of his work and injured a fellow worker is not an allegation of "something more" than a failure to provide a safe working environment.

*Id.* at 622.

As in *Taylor*, the petition here alleges that Mr. Nichols negligently failed to discharge his duty to safely operate a bulldozer. A simple allegation of negligent operation of machinery or a vehicle is not "something more" than an allegation of a breach of duty to maintain a safe working environment. Accordingly, the Appellant's exclusive remedy is under the Workers' Compensation Law, and the trial court lacked subject matter jurisdiction to proceed on the wrongful death claim. Finding no abuse of discretion, we affirm the judgment of dismissal.

All concur.