Claude D. RISHER and Brenda Faye Risher, Plaintiffs/Appellants,

v.

Thomas GOLDEN,
Defendant/Respondent.

No. ED 85758.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 15, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 2006.

Application for Transfer Denied
Feb. 28, 2006.

Leonard P. Cervantes, St. Louis, MO, for appellant.

R.C. Wuestling, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Claude Risher and Brenda Risher ("plaintiffs") appeal from the judgment of the trial court dismissing their third amended petition for lack of subject matter jurisdiction. Plaintiffs contend that the trial court erred by abusing its discretion in granting Tom Golden's ("supervisor") motion to dismiss because the evidence and reasonable inferences show that there was "something more" that could establish co-employee liability for negligence, which would not be subject to the workers' compensation statutes as the exclusive remedy. Finding no error, we affirm.

On the morning of August 17, 2000, John Risher ("decedent"), a new employee of Townsend Tree Service Company ("employer"), was working with supervisor spraying herbicide on property owned by Citizens Electric to eliminate brush growing on the property. Supervisor and decedent were using a vehicle called a "doodlebug" to spray the herbicide. This particular doodlebug was one of several in the possession of employer, and supervisor had been using it without apparent problems for several weeks prior to the accident. Before using the doodlebug that morning, supervisor checked it over, which included checking the brake fluid. The brush on the property by the right-of-way was high and obscured vision. Supervisor directed employee to act as a spotter, but rather than have employee stand in the brush, he instructed employee to get in the work-basket on the back of the doodlebug to spot for him while he backed the vehicle down an incline. Supervisor asked employee to tell him when the doodlebug reached a spot where the incline started getting real steep, so the supervisor could stop. When they reached the spot where the incline started getting real steep, supervisor applied the brakes at decedent's direction, but the brakes failed, the doodlebug rolled backwards and flipped over, coming to rest on its top and pinning decedent beneath it and killing him.

Employer's mechanics examined the brakes on that particular doodlebug and determined that the brakes did not work because of a lack of fluid, though the emergency brake was working properly. The mechanics examined each part of the brake system as they replaced it and noted that the brake cylinder and brake disc showed normal wear, but that the rear brake line had a slight leak, and stated that the master cylinder was replaced due to a leak in the seal. They also replaced the rear brake line. This review of the brake system culminated in a brief report ("brake report") from employer's equipment division.

Plaintiffs filed a petition against supervisor, Citizens Electric Cooperative, Farmers Insurance Company, Inc., and unknown parties. Plaintiffs subsequently amended their petition twice, filing a third amended petition on September 16, 2004. However, the trial court permitted the third amended petition to be filed against supervisor only. Supervisor filed a motion to dismiss for lack of subject matter jurisdiction and a supplemental memorandum of law, which asserted that supervisor was no more than a co-employee of decedent, that plaintiffs failed to allege "something more" that would create a personal liability on the part of supervisor, and that the exclusive remedy was through the Workers' Compensation Law and the Industrial and Labor Relations Commission ("Commission").

Plaintiffs filed two separate supplemental memoranda and exhibits in opposition to supervisor's motion to dismiss. Includ-

ed in these materials were portions of the deposition of supervisor, memoranda from the employer, OSHA reports, and an affidavit from a consulting engineer, Francis Oldham ("engineer"). Engineer's affidavit stated that the brake report "is consistent with a gradual loss of brake fluid which could have occurred over a period of several days to several weeks," and "does not suggest a sudden loss of [brake] fluid during the three hour period of operation [the day of the accident]." Engineer concluded that the brake fluid "was unacceptably low" when supervisor examined it the date of the accident and that this low level of brake fluid "would have been noticeable to [supervisor] when he conducted his inspection."

On December 16, 2004, the trial court issued an order granting supervisor's motion to dismiss Count I of the third amended petition for lack of subject matter jurisdiction. In this order, the trial court reviewed the law and the facts as presented. On January 14, 2005, pursuant to Rule 74.01(b), the trial court certified its order of December 16, 2004 as an appealable judgment, and found that there was no just reason for delay. This appeal follows.

 The Workers' Compensation Law provides the exclusive rights and remedies for the accidental death or injury of an employee in the course of employment. Section 287.120.1-2 RSMo (2000)[1]; *Nowlin ex rel. Carter v. Nichols*, 163 S.W.3d 575, 577 (Mo.App.2005). The proper method to raise the exclusive jurisdiction of the Commission under the Workers' Compensation Law as a defense to a tort action is to make a motion to dismiss for lack of subject matter jurisdiction. *James v. Poppa*, 85 S.W.3d 8, 10 (Mo. banc 2002); *Nichols*, 163 S.W.3d at 577. Such a

motion to dismiss ought to be granted when it "appears" that the circuit court lacks subject matter jurisdiction. Rule 55.27(g)(3); *James*, 85 S.W.3d at 10. The quantum of proof required is not high and can be met with a preponderance of evidence that the court lacks jurisdiction. As this Court held in *State ex rel. J.E. Jones Construction Co. v. Sanders*, 875 S.W.2d 154, 156–57 (Mo.App.1994),

> A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise a defense of exclusivity of workers' compensation. When the exclusivity of workers' compensation is raised as a defense, the summary judgment standard, *i.e.*, whether a material issue of fact exists, is not the appropriate standard of review. Regardless of whether the applicability of the Workers' Compensation Law is raised as a defense to a common law cause of action in the form of a motion to dismiss or in a motion for summary judgment, the trial court must initially treat it as a motion to dismiss for lack of subject matter jurisdiction. A court should grant a motion to dismiss for lack of subject matter jurisdiction whenever it "appears" that the court lacks jurisdiction. As the term "appears" suggests, the quantum of proof is not high. It must appear by a mere preponderance of the evidence that the court is without jurisdiction.

(citations omitted). The determination of whether a case is within the exclusive jurisdiction of the Commission is a question of fact. *St. Lawrence v. Trans World Airlines, Inc.*, 8 S.W.3d 143, 148 (Mo.App. 1999). In making this determination, the circuit court may consider exhibits, affidavits, and evidence pursuant to Rules 55.27 and 55.28. *Id.* "Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of the trial judge."

1. Unless noted otherwise, all further statutory citations are to RSMo (2000).

*James,* 85 S.W.3d at 10. Thus this Court reviews for abuse of discretion. *St. Lawrence,* 8 S.W.3d at 148. A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful consideration. *Id.* In view of the exclusivity of rights and remedies under the Workers' Compensation Law, this Court must resolve all doubts regarding jurisdiction in favor of the Commission rather than the circuit court. *Nichols,* 163 S.W.3d at 578.

Plaintiffs contend that the trial court erred by abusing its discretion in granting supervisor's motion to dismiss for lack of subject matter jurisdiction because it drew an inference from supervisor's testimony about the brake fluid level and ignored their allegations and evidence of "something more" that would sustain a cause of action for co-employee liability. Plaintiffs argue that supervisor was not immune from common law liability because he committed "affirmative acts" that constituted "something more."

■ The Workers' Compensation Law supersedes an employee's common law right of recovery and immunizes employers from tort claims for work-related accidents. Section 287.120; *Nichols,* 163 S.W.3d at 578. The employer's immunity for failure to provide a safe working environment extends to its employees, but this immunity can be forfeited if the co-employee commits acts beyond the scope of an employer's responsibility to provide a safe workplace. *Nichols,* 163 S.W.3d at 578.

■ A co-employee cannot be held liable just for breaching a duty that the employer owed to the injured or deceased employee. *Id.* A plaintiff must demonstrate circumstances that show a personal duty of cared owed by the co-employee, separate from the employer's non-delega-

ble duties, and that the breach of this personal duty proximately caused the injury or death. *Id.* When a co-employee is engaged in conduct outside the scope of the employer's standard duty, the co-employee owes a personal duty to use ordinary care and to refrain from behavior that might reasonably be foreseen to cause harm to another employee. *Id.*

■ Whether or not a personal duty exists is a matter of law and is necessarily dependent on the particular facts and circumstances of each case. *Id.* Missouri courts have found generally that the "something more" requirement has been met where a supervisor created a dangerous condition by personally directing the injured or deceased worker to engage in conduct that a reasonable person would recognize as inherently hazardous and outside the usual requirements of the employment. *Id.* (*citing Tauchert v. Boatmen's National Bank of St. Louis,* 849 S.W.2d 573, 574 (Mo. banc 1993)); *Hedglin v. Stahl Specialty Co.,* 903 S.W.2d 922, 927 (Mo.App.1995). Such cases show that a co-employee loses immunity under the Workers' Compensation Law only if he or she affirmatively causes or increases the fellow employee's risk of injury. *Id.* at 579. An affirmative negligent act is not equivalent or synonymous with any act of negligence, as the law requires a purposeful act that is "directed" at a co-employee. *Nichols,* 163 S.W.3d at 579 (*citing Gunnett v. Girardier Building & Realty Co.,* 70 S.W.3d 632, 641 (Mo.App.2002)). Personal liability arises where there has been "purposeful, affirmatively dangerous conduct." *Graham v. Geisz,* 149 S.W.3d 459 (Mo.App. 2004) (citing *State ex rel. Taylor v. Wallace,* 73 S.W.3d 620, 621 (Mo. banc 2002)).

■ The evidence which the trial court had before it on the motion to dismiss showed that supervisor did order decedent

to stand in the work basket on the doodlebug to act as a spotter for him rather than on the ground. However, this was done in an attempt to avoid an accident. Supervisor's testimony was that he could not have seen decedent standing on the ground in the brush, hence to have had decedent spot him from the ground would have been unsafe. The evidence does not show that supervisor in fact violated any of employer's safety rules that existed at the time of the accident by having decedent spot from the work basket rather than the ground. The rules booklet introduced into the record was adopted on September 10, 2001, over a year after the accident that killed decedent. The subsequent rules provided that a rider should not be allowed in a work basket on a steep grade and that doodlebugs should never be backed down a steep grade. Supervisor also testified that he had not intended to operate the doodlebug on a steep slope, and that he tried to stop before the doodlebug hit the steep slope, but that the brakes failed, which caused the vehicle to go down the steeper grade. There was an OSHA violation that was directed towards the employer. It did state that there had been a reported problem with the brakes not holding on a doodlebug, but the OSHA report did not identify whether it was the same doodlebug that was involved in the fatal accident, or the other one, which had been reported as having brake problems. Supervisor refused to operate the other doodlebug because of the brake problems.

Supervisor testified that he did a visual inspection of the doodlebug every morning, and that he would have noticed any fluids, such as brake fluid, leaking from it, and that he would not have operated the doodlebug if he noticed such a leak. He further stated in his deposition that he had looked at the master cylinder the morning of the accident and that "it was full of brake fluid." He also stated that he

checked the brakes every day, and that the brakes had worked without any problem that morning prior to the accident. Supervisor testified that he had used that particular doodlebug for several weeks prior to the accident without any brake problems, whereas a different doodlebug owned by employer had been repeatedly reported for brake trouble and was taken out of service for a time. The brake report showed that there was a leak in the rear brake line and a leak on the master cylinder seal, but did not indicate how severe the leaks were. It did not indicate a cause for the accident or the brake failure. The OSHA report did not indicate why the brakes failed. The only evidence that the brake fluid was unacceptably low on the morning of the accident and that supervisor decided to use the doodlebug regardless of that is the affidavit of the engineer. Engineer's affidavit was based on his review of the brake report and supervisor's deposition.

The circuit court was cognizant of the engineer's affidavit and its contents, as well as the other evidence, including the deposition of supervisor. It found that the record did not show that supervisor "either created a hazardous condition beyond the scope of the employer's responsibility to provide a safe workplace, or that he directed decedent to engage in an activity that one would reasonably recognize as hazardous beyond the usual requirements of the job." It also found that "it appears that [supervisor] operated the Doodlebug without knowledge that the particular vehicle's brakes were likely to fail, or at most, without noticing a brake leak that was likely to cause the vehicle to malfunction."

Under our standard of review, the circuit court did not abuse its discretion in finding that it lacked subject matter jurisdiction. As the circuit court found, at most supervisor failed to notice a leak that could have caused a malfunction, which is not "something extra." The careless oper-

ation of a motorized vehicle or machinery is not "something more" than a breach of a duty to maintain a safe working environment and is not an affirmative negligent act. *See State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 622 (Mo. banc 2002); *Nichols*, 163 S.W.3d at 580. The only duty in this case is the non-delegable duty of the employer, and the failure to discharge this duty is that of the employer. As the employee discharging the employer's non-delegable duty, supervisor has immunity from common-law suit; recovery under Workers' Compensation Law is the exclusive remedy. Jurisdiction lies exclusively with the Commission, not the court. Point denied.

The judgment of the circuit court is affirmed.

GLENN A. NORTON, C.J., and KATHIANNE KNAUP CRANE, J., concur.